McFarland, J.
 

 {¶ 1} Dustin A. Deckard appeals the judgment entry filed August 31, 2016 in the Gallia County Court of Common Pleas. Deckard was convicted by a jury on three counts: (1) illegal conveyance of drugs onto grounds of a detention facility, R.C. 2921.36(A)(2) ; (2) possession of drugs (heroin), R.C. 2925.11(A) ; and (3) possession of drugs (cocaine), R.C. 2925.11(A). On appeal, Appellant asserts three assignments of error. He first argues the trial court deprived him of his constitutional right to confrontation by admitting into evidence a chemical laboratory report without also requiring the chemist who prepared the report to be available for cross-examination. He next argues the trial court erred by failing to merge his convictions for illegal conveyance into a detention facility with the convictions for possession of drugs. He also argues there was insufficient evidence to convict him of illegal conveyance of drugs. However, we find no merit to Appellant's arguments. Accordingly, we overrule his assignments of error and affirm the judgment of the trial court.
 

 FACTUAL AND PROCEDURAL BACKGROUND
 

 {¶ 2} On February 29, 2016, Dustin A. Deckard was incarcerated at the Gallia County Jail. According to the trial testimony, he was booked in around 9:00 a.m. that day. During the evening hours, Deputy Cain noticed an odor similar to burning plastic. Appellant was in a cell block with approximately 8 to 10 other inmates.
 

 {¶ 3} During a search Deputy Cain discovered suspected drugs on Appellant's person. The substances were submitted to the Ohio Bureau of Criminal Identification and Investigation (BCI) for analysis. A written report obtained from BCI indicated
 the substances submitted contained heroin and cocaine.
 

 {¶ 4} On June 16, 2016, Appellant was indicted on three counts: (1) illegal conveyance of drugs onto grounds of a detention facility, in violation of R.C. 2921.36 ; (2) possession of drugs (heroin), in violation of R.C. 2925.11 ; and (3) possession of drugs (cocaine), also in violation of R.C. 2925.11(A). The first count for illegal conveyance is a felony of the third degree. The possession counts are both fifth degree felonies. On June 23, 2016, Appellant entered not guilty pleas to all counts. Appellant was appointed legal counsel. He was scheduled for a status conference in July 2016, and for jury trial on August 29, 2016.
 

 {¶ 5} On July 8, 2016, Appellant's counsel was granted leave to withdraw. The court appointed another attorney to represent him. On August 24, 2016, the State filed a motion to continue the jury trial on the basis of the unavailability of a witness: the chemist from the Ohio Bureau of Criminal Investigation (BCI). The trial court denied the State's request.
 

 {¶ 6} On August 29, 2016, prior to the beginning of trial, Appellant's counsel filed a motion in limine seeking exclusion of the BCI laboratory report which identified the substances found on Appellant's person as heroin and cocaine. The trial court denied this motion. During trial, the court allowed the BCI report to be admitted into evidence. At the conclusion of trial, the jury returned guilty verdicts on all three counts.
 

 {¶ 7} On August 31, 2016, the trial court conducted Appellant's sentencing hearing. After hearing arguments from the parties regarding the issue of merger of allied offenses, the trial court did not merge the counts and sentenced Appellant to a maximum and consecutive sentence of five years.
 

 {¶ 8} This timely appeal followed. Additional facts will be set forth, where pertinent.
 

 ASSIGNMENTS OF ERROR
 

 "I. THE TRIAL COURT DEPRIVED DECKARD OF HIS CONSTITUTIONAL RIGHT TO CONFRONTATION BY ADMITTING INTO EVIDENCE A LABORATORY REPORT UNDER NOTICE-AND-DEMAND STATUTE ( R.C.2925.51 )FOR THE PROSECUTION OF A CHARGE NOT WITHIN CHAPTERS 2925 OR 3719 OF THE REVISED CODE.
 

 II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DECLINING TO MERGE CONVICTION FOR ILLEGAL CONVEYANCE OF DRUGS ONTO GROUNDS OF DETENTION FACILITY WITH CONVICTIONS FOR POSSESSION OF DRUGS.
 

 III. THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT A CONVICTION FOR ILLEGAL CONVEYANCE OF DRUGS ONTO GROUNDS OF DETENTION FACILITY."
 

 LEGAL ANALYSIS
 

 ASSIGNMENT OF ERROR ONE
 

 {¶ 9} Under the first assignment of error, Appellant argues that the trial court committed reversible error by depriving him of his constitutional right to confrontation. At trial, the trial court admitted Exhibit 7, a BCI laboratory report relevant to Appellant's case, and Deputy Argabright's testimony regarding the report. The chemist who prepared the report for BCI did not testify.
 

 STANDARD OF REVIEW
 

 {¶ 10} The admission of evidence is within the sound discretion of the trial
 court.
 
 State v. Jackson
 
 , 4th Dist. Washington No. 12CA16,
 
 2013-Ohio-2628
 
 ,
 
 2013 WL 3227539
 
 , ¶ 16 ;
 
 State v. Dixon,
 
 4th Dist. Scioto No. 09CA3312,
 
 2010-Ohio-5032
 
 ,
 
 2010 WL 4027749
 
 , ¶ 33, citing
 
 State v. Sage,
 

 31 Ohio St.3d 173
 
 ,
 
 510 N.E.2d 343
 
 (1987), at paragraph two of the syllabus. Because a trial court's decision on a motion in limine is a ruling to admit or exclude evidence, the standard of review on appeal is whether the trial court committed an abuse of discretion that amounted to prejudicial error.
 
 State v. Fowler,
 

 2017-Ohio-438
 
 ,
 
 84 N.E.3d 269
 
 , ¶ 14 ;
 
 Gordon v. Ohio State Univ.,
 
 10th Dist. Franklin No. 10AP-1058,
 
 2011-Ohio-5057
 
 ,
 
 2011 WL 4541342
 
 , at ¶ 82. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary.
 
 Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd.,
 

 63 Ohio St.3d 498
 
 , 506,
 
 589 N.E.2d 24
 
 (1992) ;
 
 Wilmington Steel Products, Inc. v. Cleveland Elec. Illuminating Co.,
 

 60 Ohio St.3d 120
 
 , 122,
 
 573 N.E.2d 622
 
 (1991). When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court.
 
 In re Jane Doe 1
 
 ,
 
 57 Ohio St.3d 135
 
 , 138,
 
 566 N.E.2d 1181
 
 (1991), citing
 
 Berk v. Matthews,
 

 53 Ohio St.3d 161
 
 , 169,
 
 559 N.E.2d 1301
 
 (1990).
 

 LEGAL ANALYSIS
 

 {¶ 11} The transcript of Appellant's trial reveals that on the morning of trial, Appellant filed a motion in limine to exclude the laboratory report on two grounds: (1) that it was inadmissible hearsay under Evid.R. 802 ; and (2) that it was inadmissible as violative of the Confrontation Clause of the United States and Ohio Constitutions.
 

 {¶ 12} Appellant's trial counsel argued the State had provided the lab report in discovery to Appellant's prior counsel.
 
 [1]
 
 Trial counsel then filed a motion under R.C. 2925.51(C), requesting that the BCI analyst appear at trial. However, due to the change in attorneys, and through no fault of Appellant or his trial counsel, the request was untimely.
 

 {¶ 13} Trial counsel argued that pursuant to the statute, the trial court had the discretion to extend the time for filing in the interest of justice. In response, the State argued that it had intended to have the BCI analyst appear at trial but she was pregnant and unable to travel. The State maintained, however, that since Appellant had not made his request within the 7-day window, and the matter was in the court's discretion, that the motion in limine should be overruled. The trial court subsequently overruled Appellant's motion in limine, recognizing that trial counsel had appeared late in the matter through no fault of his own but, nevertheless, finding the report to be admissible as a business record.
 

 {¶ 14} We recently discussed a Confrontation Clause argument in
 
 State v. Smith,
 

 70 N.E.3d 150
 
 ,
 
 2016-Ohio-5062
 
 (4th Dist.). "The Sixth Amendment's Confrontation Clause provides, 'In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him * * *.' "
 
 Smith, supra,
 
 at ¶75, quoting
 
 State v. Maxwell,
 

 139 Ohio St.3d 12
 
 ,
 
 2014-Ohio-1019
 
 ,
 
 9 N.E.3d 930
 
 , ¶ 34. The Confrontation Clause of the Sixth Amendment is made applicable to the states by the Fourteenth Amendment.
 
 State v. Issa,
 

 93 Ohio St.3d 49
 
 ,
 
 752 N.E.2d 904
 
 , fn. 4 (2001). Consequently, this constitutional right applies to both federal and
 state prosecutions, but the right of confrontation in Article I, Section 10 of the Ohio Constitution provides no greater right of confrontation than the Sixth Amendment.
 
 State v. Arnold,
 

 126 Ohio St.3d 290
 
 ,
 
 2010-Ohio-2742
 
 ,
 
 933 N.E.2d 775
 
 , ¶ 12.
 

 {¶ 15} "The United States Supreme Court has interpreted [the Sixth Amendment right to confrontation] to mean that admission of an out-of-court statement of a witness who does not appear at trial is prohibited by the Confrontation Clause if the statement is testimonial unless the witness is unavailable and the defendant has had a prior opportunity to cross-examine the witness."
 
 Smith, supra,
 
 at ¶76, quoting
 
 Maxwell
 
 at ¶ 34,
 
 139 Ohio St.3d 12
 
 ,
 
 2014-Ohio-1019
 
 ,
 
 9 N.E.3d 930
 
 , citing
 
 Crawford v. Washington,
 

 541 U.S. 36
 
 , 53-54,
 
 124 S.Ct. 1354
 
 ,
 
 158 L.Ed.2d 177
 
 (2004).
 
 Crawford
 
 did not define the word "testimonial" but stated generally that the core class of statements implicated by the Confrontation Clause includes statements " 'made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.' "
 
 541 U.S. at 52
 
 ,
 
 124 S.Ct. 1354
 
 , quoting the amicus brief of the National Association of Criminal Defense Lawyers.
 

 {¶ 16} In Ohio, R.C. 2925.51 permits the State to submit a BCI laboratory report as evidence in drug cases and requires the State to serve a copy of the report on the accused. R.C. 2925.51(A) and (B).
 
 State v. Judy,
 
 4th Dist. Highland No. 08CA3013,
 
 2008-Ohio-5551
 
 ,
 
 2008 WL 4695982
 
 , at ¶ 12. BCI reports will serve as prima facie evidence of the identity and weight of the controlled substance unless the defendant, within seven days of receiving the State's notice of intent to submit the report, demands the testimony of the person who signed the report. R.C. 2925.51(C).
 
 State v. O'Connor,
 
 12th Dist. Fayette No. CA2007-01-005,
 
 2008-Ohio-2415
 
 ,
 
 2008 WL 2102356
 
 , at ¶ 24.
 

 {¶ 17} At trial during Deputy Argabright's testimony, trial counsel approached the bench and renewed his objection to the admission of the BCI laboratory report. The trial court again overruled the objection. Deputy Argabright then identified Exhibit 7, the BCI chemist's laboratory report, and testified that the report was a true and accurate copy of the original, kept in the regular course of business activity conducted at Ohio BCI. Argabright proceeded to testify that the laboratory report listed the suspected drugs submitted to Ohio BCI as follows: Item One was found to contain .49 grams of heroin and Item Two was found to contain .33 grams of cocaine. Argabright also testified Jessica Kaiser was the BCI technician who signed the report and reached the scientific conclusions contained in the report.
 

 {¶ 18} In
 
 Judy
 
 , the appellant contended that she was deprived of her right of confrontation by the improper admission of testimonial evidence. Specifically, Judy questioned whether a BCI lab report may be admitted as evidence in the absence of expert in-court testimony from the lab analyst. Judy relied on
 
 Crawford v. Washington
 
 ,
 
 541 U.S. 36
 
 ,
 
 124 S.Ct. 1354
 
 ,
 
 158 L.Ed.2d 177
 
 (2004), and
 
 State v. Smith,
 
 3rd Dist. Allen No. 1-05-39,
 
 2006-Ohio-1661
 
 ,
 
 2006 WL 846342
 
 , in support of her contention that such lab reports are testimonial in nature. However, as a result of Judy's failure to object to the admission of the report on Confrontation Clause grounds, it was necessary for us to determine only whether the admission of the
 report amounted to plain error.
 
 [2]
 
 We ultimately concluded that the trial court's admission of the BCI report did not constitute error, plain or otherwise.
 

 {¶ 19} In
 
 Judy
 
 , we cited a Twelfth District Court which held that a drug analysis report completed by BCI does not constitute "testimonial" evidence under
 
 Crawford
 
 and therefore, the defendant's Confrontation Clause rights under
 
 Crawford
 
 were not violated by the report's admission into evidence.
 
 Id.
 
 at ¶17.
 
 See
 

 State v. Malott,
 
 12th Dist. Butler Nos. CA2007-02-006, CA2007-02-007, CA2007-02-008,
 
 2008-Ohio-2114
 
 ,
 
 2008 WL 1932428
 
 , ¶ 15. The
 
 Malott
 
 court cited the Supreme Court of Ohio's decision in
 
 State v. Crager
 
 ,
 
 116 Ohio St.3d 369
 
 ,
 
 2007-Ohio-6840
 
 ,
 
 879 N.E.2d 745
 
 , that the admission of DNA reports without the testimony of the analyst who prepared the report did not violate the defendant's Confrontation Clause rights under
 
 Crawford
 
 since the reports fell within the business records exception to the hearsay rule of Evid.R. 803(6), and thus were not "testimonial" evidence under
 
 Crawford
 
 .
 
 Malott
 
 at ¶ 13. In
 
 Judy
 
 , we concluded that BCI lab reports are nontestimonial in nature and their admission does not violate the right of confrontation.
 

 {20}
 
 Judy
 
 was decided by our court in 2008. Subsequently, it was held that the contents of a laboratory report is testimonial in nature when its conclusion is prima facie evidence of an element of the offense.
 
 Melendez-Diaz v. Massachusetts,
 

 557 U.S. 305
 
 ,
 
 129 S.Ct. 2527
 
 ,
 
 174 L.Ed.2d 314
 
 (2009) ;
 
 Bullcoming v. New Mexico,
 

 564 U.S. 647
 
 , 663-664,
 
 131 S.Ct. 2705
 
 , 2716,
 
 180 L.Ed.2d 610
 
 (2011).
 
 See
 

 State v. Hartman,
 

 64 N.E.3d 519
 
 ,
 
 2016-Ohio-2883
 
 , at ¶ 82 (2nd Dist.). On the basis of
 
 Melendez-Diaz,
 
 the United States Supreme Court vacated, but did not reverse, the
 
 Crager
 
 decision.
 
 [3]
 

 {¶ 21} In this case, at the conclusion of trial when the State rested, Appellant's trial counsel made a Crim.R. 29 motion for acquittal and after hearing argument, the trial court denied the motion. The State then moved to admit the State's 7 exhibits presented and defense counsel posed no objection to admission of any of the exhibits, including the BCI laboratory report.
 

 {¶ 22} We reiterate that counsel originally objected to admission of the laboratory report via a motion in limine. "A motion in limine is a means of raising objection to an area of inquiry to prevent prejudicial questions and statements until the admissibility of the questionable evidence can be determined during the course of the trial."
 
 Mender v. Chauncey,
 

 41 N.E.3d 1289
 
 ,
 
 2015-Ohio-4105
 
 (4th Dist.), ¶ 14, quoting
 
 Independent State Bank of Ohio v. Hartzell,
 
 4th Dist. Washington App. No. 90CA02,
 
 1991 WL 2197
 
 , *2 (Jan. 7, 1991). The purpose of a motion in limine
 is to avoid injection into the trial of matters which are irrelevant, inadmissible and prejudicial.
 
 State v. French,
 

 72 Ohio St.3d 446
 
 , 449,
 
 650 N.E.2d 887
 
 (1995). And, "Ohio law is clear * * * that a ruling on a motion in limine may not be appealed and that objections to the introduction of testimony or statements of counsel must be made during the trial to preserve evidentiary rulings for appellate review."
 
 State v. Gavin,
 
 4th Dist. Scioto No. 13CA3592,
 
 2015-Ohio-2996
 
 ,
 
 2015 WL 4549872
 
 , at ¶ 22 ;
 
 Gable v. Gates Mills,
 

 103 Ohio St.3d 449
 
 ,
 
 2004-Ohio-5719
 
 ,
 
 816 N.E.2d 1049
 
 , ¶ 34 ;
 
 State v. Brown,
 

 38 Ohio St.3d 305
 
 ,
 
 528 N.E.2d 523
 
 (1988), paragraph three of the syllabus ("A denial of a motion in limine does not preserve error for review. A proper objection must be raised at trial to preserve error");
 
 State v. Hambrick,
 
 4th Dist. Ross No. 11CA3294,
 
 2012-Ohio-5139
 
 ,
 
 2012 WL 5392097
 
 , ¶ 12.
 

 {¶ 23} While we observe that Appellant filed the motion in limine and renewed his objection at trial, another factor to be considered in our analysis herein is that Appellant did not object to the admission of the report at the time exhibits were admitted. "Generally, when a party fails to renew an objection at the time exhibits are admitted into evidence, that party waives the ability to raise the admission as error on appeal, unless plain error is shown."
 
 In re.S.L.,
 

 56 N.E.3d 1026
 
 ,
 
 2016-Ohio-5000
 
 (3rd Dist.), at ¶ 37, quoting
 
 Odita v. Phillips,
 
 10th Dist. Franklin No. 09AP-1172,
 
 2010-Ohio-4321
 
 ,
 
 2010 WL 3554285
 
 , ¶ 56, citing
 
 Nicula v. Nicula,
 
 8th Dist. Cuyahoga No. 84049,
 
 2009-Ohio-2114
 
 ,
 
 2009 WL 1244170
 
 . Notice of plain of error under Crim.R. 52 may be taken if, upon review of the record, the record reveals that such error resulted in a manifest miscarriage of justice."
 
 State v. Layne,
 
 4th Dist. Highland No. 11CA17,
 
 2012-Ohio-1627
 
 ,
 
 2012 WL 1247209
 
 , ¶ 7, quoting
 
 State v. Thrower
 
 ,
 
 62 Ohio App.3d 359
 
 , 376,
 
 575 N.E.2d 863
 
 (1989) ; citing
 
 State v. Adams,
 

 62 Ohio St.2d 151
 
 , 154-154,
 
 404 N.E.2d 144
 
 (1980).
 

 {¶ 24} "[F]or a reviewing court to find plain error: (1) there must be an error, i.e., 'a deviation from a legal rule;' (2) the error must be plain, i.e., 'an "obvious" defect in the trial proceedings;' and (3) the error must have affected 'substantial rights,' i.e., it must have affected the outcome of the proceedings."
 
 Layne, supra,
 
 at ¶8,, quoting
 
 State v. Spires
 
 , 4th Dist. Gallia No. 10CA10,
 
 2011-Ohio-3661
 
 ,
 
 2011 WL 3107736
 
 , at ¶ 14 ; citing
 
 State v. Barnes,
 

 94 Ohio St.3d 21
 
 , 27,
 
 759 N.E.2d 1240
 
 (2002). The Supreme Court of Ohio has admonished courts that notice of plain error under Crim.R. 52(B) is to be taken "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."
 

 Id.,
 

 quoting
 
 State v. Long
 
 ,
 
 53 Ohio St.2d 91
 
 ,
 
 372 N.E.2d 804
 
 (1978), at paragraph three of the syllabus.
 

 {¶ 25} We do not find that error, plain or otherwise, occurred here. Appellant's request was not timely filed and the court, in its discretion, did not extend the time to allow for a late filing. Furthermore, Appellant apparently conceded the drugs found on his person were cocaine and heroin, and he abandoned his argument regarding the possession counts. The trial transcript reveals Appellant's trial counsel made these comments during his closing argument:
 

 "The burden is on the State here to prove each and every element of this case and yes, from the beginning I stated they had a strong case for the possession. And in fact I think we caught Mr. Deckard red-handed with, with the drugs on him. That's, that's the case. But the third charge, Count 1, which is the illegal conveyance into a detention
 facility, the only evidence they have is the possession. The possession of drugs. * * *
 

 As I stated, this whole case is built on assumptions. We've got to assume that because he had drugs, he's the one, he's the only one that could have brought them in after we've heard testimony that there's all these other people.* * *
 

 Look at the pictures, look at how big the Pay...Pay Day wrapper was and the other drugs that were found in that besides the heroin and cocaine. There's, there's multiple items here. * * *
 

 As I stated from the beginning, we're not, we're not trying to play hide the ball. Mr. Deckard had the drugs on him red-handed. We're just asking you to come back with a not guilty verdict for the illegal conveyance because there is a lack of evidence and the State will not be, meet its burden beyond a reasonable doubt."
 

 {¶ 26} In fact, during closing rebuttal, the State began:
 

 "So from what I take from the defense's closing statement is that the State of Ohio has um, presented enough evidence, even in the defense counsel's mind that you should convict and find guilty on Count 2 as well as guilty on Count 3 for possession of cocaine and heroin. So with those two out of the way now, we move onto, to Count 1."
 

 {¶ 27} Appellant's counsel made no objection to this characterization of his closing argument. Given Appellant's apparent decision to concede he possessed cocaine and heroin and to contest only the illegal conveyance count, we do not find that admission of the BCI laboratory report constituted plain error. For the foregoing reasons, we find no merit to Appellant's first assignment of error and it is hereby overruled.
 

 ASSIGNMENT OF ERROR THREE
 

 {¶ 28} For ease of analysis, we next consider Appellant's third and final assignment of error. Appellant was convicted of Count 1, illegal conveyance of drugs into a detention facility. Appellant, however, contends that there was no evidence of the material element, "conveyance," presented at his trial. For the following reasons, we disagree.
 

 STANDARD OF REVIEW
 

 {¶ 29} A claim of insufficient evidence invokes a due process concern and raises the question of whether the evidence is legally sufficient to support the verdict as a matter of law.
 
 State v. Dunn,
 
 4th Dist. Jackson No. 15CA1,
 
 2017-Ohio-518
 
 ,
 
 2017 WL 587317
 
 , ¶ 13 ;
 
 State v. Wickersham,
 
 4th Dist. Meigs No. 13CA10,
 
 2015-Ohio-2756
 
 ,
 
 2015 WL 4113316
 
 , at ¶ 22 ;
 
 State v. Thompkins,
 

 78 Ohio St.3d 380
 
 , 386,
 
 678 N.E.2d 541
 
 (1997). When reviewing the sufficiency of the evidence, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt.
 
 Thompkins,
 
 syllabus. The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt.
 
 Jackson v. Virginia,
 

 443 U.S. 307
 
 , 319,
 
 99 S.Ct. 2781
 
 ,
 
 61 L.Ed.2d 560
 
 (1979) ;
 
 State v. Jenks,
 

 61 Ohio St.3d 259
 
 , 273,
 
 574 N.E.2d 492
 
 (1991). Furthermore, a reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction."
 
 Thompkins,
 

 78 Ohio St.3d at 390
 
 ,
 
 678 N.E.2d 541
 
 (Cook, J., concurring).
 

 {¶ 30} Thus, when reviewing a sufficiency-of-the-evidence claim, an appellate court must construe the evidence in a light most favorable to the prosecution.
 
 Dunn, supra,
 
 at ¶14 ;
 
 Wickersham, supra,
 
 at ¶23 ;
 
 State v. Hill,
 

 75 Ohio St.3d 195
 
 , 205,
 
 661 N.E.2d 1068
 
 (1996) ;
 
 State v. Grant
 
 ,
 
 67 Ohio St.3d 465
 
 , 477,
 
 620 N.E.2d 50
 
 (1993). A reviewing court will not overturn a conviction on a sufficiency-of-the-evidence claim unless reasonable minds could not reach the conclusion that the trier of fact did.
 
 State v. Tibbetts,
 

 92 Ohio St.3d 146
 
 , 162,
 
 749 N.E.2d 226
 
 (2001) ;
 
 State v. Treesh,
 

 90 Ohio St.3d 460
 
 , 484,
 
 739 N.E.2d 749
 
 (2001).
 

 LEGAL ANALYSIS
 

 {¶ 31} In support of his argument that there was insufficient evidence that he conveyed drugs into the Gallia County Jail, Appellant points out that while he was found to be in possession of certain substances, there were 8-10 other inmates housed in the same area. Appellant argues there is no investigatory evidence regarding the other inmates, and no investigatory evidence regarding visitors the other inmates may have received. Appellant further asserts there is no evidence regarding the circumstances of his arrest which would provide him with the opportunity to conceal substances for future conveyance.
 

 {¶ 32} R.C. 2921.36(A)(2) provides: "No person shall knowingly convey, or attempt to convey, onto the grounds of a detention facility * * * (2) Any drug of abuse, as defined in section 3719.011 of the Revised Code." Appellant was indicted for possession of heroin, a Schedule I controlled substance, in violation of R.C. 2925.11(A), and also for possession of cocaine, a Schedule II controlled substance, in violation of R.C. 2925.11(A). Appellant did not contest the finding that the Gallia County Jail constituted a detention facility or that the drugs alleged in the indictment constituted drugs of abuse as defined by the Revised Code.
 

 {¶ 33} We begin by setting forth the relevant testimony. Nicholas Cain, a corrections officer at the Gallia County Jail, testified he reported to work at 4:00 p.m. on February 29, 2016. Appellant had been booked into the jail at 9:00 a.m. on February 29th. To Officer Cain's knowledge, an anal cavity search warrant was not requested or conducted at the time Appellant was booked.
 

 {¶ 34} While Officer Cain was performing routine duties, he noticed an odor of burning plastic in B-Block. There were approximately 8 other inmates housed in B-Block on that date. He and another corrections officer, Debra Smith, handcuffed the inmates to bars for the officers' own safety, and searched each inmate individually. Officer Cain's searches of the inmates yielded nothing until he came to Appellant.
 

 {¶ 35} Officer Cain testified he performed an initial pat-down on Appellant and felt something. He retrieved a baggie with an unknown substance from Appellant's buttocks. Officer Cain handed the baggie through the bars to Officer Smith, who preserved it as evidence and turned it over to Sergeant Jason Brown. Sgt. Brown then preserved the chain of custody and eventually forwarded the baggie to the BCI Task Force technician. Officer Cain identified Appellant in court and Exhibit 1, the baggie.
 

 {¶ 36} He further testified once they finished the search, other officers arrived to assist. The officers searched the B-Block and found no other drugs or weapons there. Officer Cain took no further part in the investigation.
 

 {¶ 37} On cross-examination, Officer Cain testified every inmate is initially patted
 down and then strip-searched when they are booked into the jail. He acknowledged the Gallia County Jail has video cameras above the toilets and showers. He admitted there was no video evidence against Appellant, and that no lighter was recovered. Officer Cain also admitted that his report did not list the names of the other inmates or witnesses involved in the incident and he did not check the visitor's log pertaining to the other inmates. He acknowledged there had been issues and ongoing investigations with items smuggled into the jail on food trays.
 

 {¶ 38} On redirect, Officer Cain clarified that the camera systems in the toilet and shower areas do not tape inmates as they shower or use the restroom. The camera systems do not preserve evidence of the inmates performing these personal functions. He also clarified that the reason he did not name other inmates in B-Block in his report was because Appellant was the only person on which drugs were found. To his knowledge, the defense did not request video evidence or visitor log evidence.
 

 {¶ 39} Officer Debra Smith next testified that whenever inmates are booked into the jail, they are strip-searched and given jail clothing and necessary toiletries. She was working on February 29, 2016, and there were approximately 8-10 inmates housed in B-Block. She also testified during her shift she smelled burning plastic. They handcuffed each inmate to the cell bars. Officer Cain went into the block himself and patted down the inmates and searched them from behind the bars while Officer Smith remained in front of the inmates.
 

 {¶ 40} Officer Smith testified that when Officer Cain searched Appellant, he "pulled Dustin Deckard back, pulled the back of his pants out and he really had a funny look on his face. Um, he looked down, he reached into his pants and he pulled out a big plastic bag. Uh, he found this between Mr. Deckard's butt cheeks." Officer Smith verified that Officer Cain handed the baggie to her and Officer Cain then proceeded to finish the search of the last inmate. She testified after she and Officer Cain opened the baggie, they contacted other officers and turned the evidence and the matter over to Sgt. Brown.
 

 {¶ 41} Officer Smith also testified that on numerous occasions, inmates bring contraband inside the anal or vaginal cavities. Gallia county officers are only allowed to do general patdown searches. They are required to get a search warrant and transport inmates to the hospital to do body cavity searches. Officer Smith's cross-examination testimony mirrored Officer Cain's. She acknowledged that the Prosecutor's Office, to her knowledge, did not request video evidence. She testified the food trays are searched upon arrival. On redirect, Officer Smith acknowledged that any item brought into the jail through an inmate's anal cavity would be unbeknownst to the officers until it was outside of the body cavity.
 

 {¶ 42} Deputy Jason Brown testified he is an evening shift patrol supervisor with the Gallia County Sheriff's Office. On February 29, 2016, he was working regular patrol when he received information from jail staff about an issue in the jail. When he arrived at the jail, Officers Cain and Smith relayed the details of the incident and the discovery of the baggie on Appellant's person. At that point, Deputy Brown took custody of the evidence and secured it in the evidence room. On cross-examination, Deputy Brown admitted that to his knowledge, no interviews of the other inmates were conducted.
 

 {¶ 43} Here, the evidence regarding the material element of "conveyance" is clearly only circumstantial. However,
 "[D]irect evidence of a fact is not required. Circumstantial evidence * * * may * * * be more certain, satisfying, and persuasive than direct evidence."
 
 Dunn, supra,
 
 at ¶25, quoting
 
 State v. Grube
 
 ,
 
 2013-Ohio-692
 
 ,
 
 987 N.E.2d 287
 
 (4th Dist.), ¶ 30, quoting
 
 State v. Lott,
 

 51 Ohio St.3d 160
 
 ,
 
 555 N.E.2d 293
 
 (1990), citing
 
 Michalic v. Cleveland Tankers, Inc.
 
 ,
 
 364 U.S. 325
 
 , 330,
 
 81 S.Ct. 6
 
 , 10,
 
 5 L.Ed.2d 20
 
 (1960), citing
 
 Rogers v. Missouri Pacific RR Co,
 

 352 U.S. 500
 
 -508, fn. 17,
 
 77 S.Ct. 443
 
 , 449, fn. 17,
 
 1 L.Ed.2d 493
 
 (1957). Even murder convictions and death sentences can rest solely on circumstantial evidence.
 
 Grube, supra,
 
 citing
 
 State v. Apanovitch,
 

 33 Ohio St.3d 19
 
 ,
 
 514 N.E.2d 394
 
 (1987) ;
 
 State v. Nicely,
 

 39 Ohio St.3d 147
 
 , 151,
 
 529 N.E.2d 1236
 
 , 1239 (1988). While the evidence of Appellant's "conveyance" is circumstantial, we find the evidence, if believed, reasonably supports a finding of guilty beyond a reasonable doubt.
 

 {¶ 44} The guilty verdict here is based on direct and circumstantial evidence. Both Officers Cain and Smith testified that Appellant would have been patted down and searched upon booking on February 29th at 9:00 a.m. and both officers further testified that although strip-searches are also performed, they are not allowed to do body cavity searches without a warrant. Appellant's anal cavity was not searched. Later in the day, Officers Cain and Smith investigated a burning smell, searched 8-10 inmates, and found a baggie containing cocaine and heroin located only on Appellant's person, in his buttocks. From this testimony, the jury obviously inferred circumstantial evidence that Appellant knowingly conveyed the drugs into the jail via his anal cavity, and that he evaded detection of the drugs during the booking process.
 

 {¶ 45} For the foregoing reasons, after reviewing the probative evidence and inferences reasonably drawn therefrom in a light most favorable to the prosecution, any rational trier of fact could have found the essential element of "conveyance" of drugs into a detention facility proven beyond a reasonable doubt. As such, we find no merit to Appellant's third assignment of error and it is hereby overruled.
 

 ASSIGNMENT OF ERROR TWO
 

 {¶ 46} Lastly, we consider Appellant's second assignment of error. Appellant contends he was subjected to Double Jeopardy by the imposition of multiple punishments upon him for a single act. Appellant argues that the trial court committed reversible error by declining to merge the illegal conveyance violation with the drug possession violations.
 

 STANDARD OF REVIEW
 

 {¶ 47} Appellate courts conduct a de novo review of a trial court's R.C. 2941.25 merger determination.
 
 State v. Pickett,
 
 4th Dist. Athens No. 15CA13,
 
 2016-Ohio-4593
 
 ,
 
 2016 WL 3483653
 
 , ¶ 53.
 
 State v. Williams,
 

 134 Ohio St.3d 482
 
 ,
 
 2012-Ohio-5699
 
 ,
 
 983 N.E.2d 1245
 
 , ¶ 28 ;
 
 accord
 

 State v. Neal,
 

 2016-Ohio-64
 
 ,
 
 57 N.E.3d 272
 
 , ¶ 52. We therefore afford no deference to the trial court's legal conclusion, but instead, independently determine whether the established facts satisfy the applicable legal standard.
 
 Williams
 
 at ¶¶ 25-27 (explaining de novo standard in merger context and stating that fact-finder determines facts and appellate court determines whether facts satisfy applicable legal standard).
 

 LEGAL ANALYSIS
 

 {¶ 48} Appellant contends, assuming for argument that he conveyed drugs within himself into the Gallia County Jail, his conduct was a single act, committed with a single state of mind. However,
 he asserts that to punish him for both possession and illegal conveyance amounts to imposing multiple punishments upon him for one act and is contrary to protection from Double Jeopardy. The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb," and this protection applies to Ohio citizens through the Fourteenth Amendment and is additionally guaranteed by Article I, Section 10 of the Ohio Constitution.
 
 State v. Neal
 
 ,
 
 57 N.E.3d 272
 
 ,
 
 2016-Ohio-64
 
 (4th Dist.), at ¶ 50. This constitutional protection prohibits multiple punishments for the same offense.
 
 North Carolina v. Pearce,
 

 395 U.S. 711
 
 , 717,
 
 89 S.Ct. 2072
 
 ,
 
 23 L.Ed.2d 656
 
 (1969), overruled on other grounds,
 
 Alabama v. Smith,
 

 490 U.S. 794
 
 ,
 
 109 S.Ct. 2201
 
 ,
 
 104 L.Ed.2d 865
 
 (1989).
 

 {¶ 49} " R.C. 2941.25 codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, which prohibits multiple punishments for the same offense."
 
 Pickett, supra,
 
 at ¶54, quoting
 
 State v. Underwood,
 

 124 Ohio St.3d 365
 
 ,
 
 2010-Ohio-1
 
 ,
 
 922 N.E.2d 923
 
 , ¶ 23 ;
 
 accord
 

 State v. Miranda,
 

 138 Ohio St.3d 184
 
 ,
 
 2014-Ohio-451
 
 ,
 
 5 N.E.3d 603
 
 ;
 
 State v. Washington,
 

 137 Ohio St.3d 427
 
 ,
 
 2013-Ohio-4982
 
 ,
 
 999 N.E.2d 661
 
 , ¶ 11. R.C. 2941.25 provides:
 

 "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 

 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 

 {¶ 50} In
 
 State v. Ruff,
 

 143 Ohio St.3d 114
 
 ,
 
 2015-Ohio-995
 
 ,
 
 34 N.E.3d 892
 
 , the Supreme Court of Ohio instructed that courts conduct a three-part inquiry to determine whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25 : "(1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation?
 
 Pickett, supra,
 
 at ¶55. An affirmative answer to any of the above will permit separate convictions.
 
 Id.
 
 The conduct, the animus, and the import must all be considered."
 
 Id.
 
 quoting
 
 State v. Earley,
 

 145 Ohio St.3d 281
 
 ,
 
 2015-Ohio-4615
 
 ,
 
 49 N.E.3d 266
 
 , ¶ 12, citing
 
 State v. Ruff,
 

 143 Ohio St.3d 114
 
 ,
 
 2015-Ohio-995
 
 ,
 
 34 N.E.3d 892
 
 , ¶ 31 and paragraphs one, two, and three of the syllabus.
 

 {¶ 51} Offenses are of dissimilar import "if they are not alike in their significance and their resulting harm."
 
 Pickett,
 
 at ¶56, quoting
 
 Ruff
 
 at ¶ 21. Thus, "two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable."
 
 Id.
 
 at ¶ 23. We further note that the defendant bears the burden to establish that R.C. 2941.25 prohibits multiple punishments.
 
 State v. Washington,
 

 137 Ohio St.3d 427
 
 ,
 
 2013-Ohio-4982
 
 ,
 
 999 N.E.2d 661
 
 , ¶ 18, citing
 
 State v. Mughni,
 

 33 Ohio St.3d 65
 
 , 67,
 
 514 N.E.2d 870
 
 (1987). In this case, the trial court stated as follows:
 

 "Further as to the offenses being committed separately the Court finds that
 the offenses of possession were committed separately from the offense of illegal conveyance. Mr. Deckard had to have committed the possession offenses prior to the offense of uh, illegally conveying them into the jail. Also as to the separate possession offenses one involved heroin and the other one involved cocaine. As such, the animus for one was the possession of heroin and the animus for the other was the possession of cocaine. Based on the above the Court finds that the offenses of illegal conveyance of drugs onto a detention facility, possession of drugs, the heroin and possession of drugs, the cocaine do not merge for purposes of sentencing."
 
 [4]
 

 {¶ 52} At sentencing and on appeal, Appellant's counsel argued the conduct constituting the possession charges and conveyance did occur at the same time and place. We agree with the trial court's conclusion that the separate possession convictions, one for heroin and one for cocaine, do not merge for purposes of sentencing. Contemplating the third question set forth in
 
 Ruff,
 
 the possession convictions were committed with a separate animus. Therefore, they are not allied offenses of similar import. We need not consider the other questions posed by
 
 Ruff.
 
 The legislature clearly intended that possession of different drug groups constitutes different offenses.
 
 State v. Rice,
 
 5th Dist. Licking No. 16CA87,
 
 2017-Ohio-1504
 
 ,
 
 2017 WL 1436378
 
 , ¶ 12, quoting
 
 State v. Westbrook,
 
 4th Dist. Scioto No. 09CA3277,
 
 2010-Ohio-2692
 
 ,
 
 2010 WL 2354018
 
 , ¶ 43. However, the trial court viewed the possession conduct as separate conduct having occurred prior to the offense of illegally conveying them into the jail. Given the circumstantial evidence presented at trial, from which the jury inferred that Appellant conveyed the drugs into the jail via his anal cavity, we find this reasoning to be correct.
 

 {¶ 53} Merriam Webster's Online Dictionary defines "convey" in several ways: "* * * [T]o bear from one place to another; to move: to carry away secretly: to transfer or deliver: to cause to pass from one place or person to another * * *."
 
 www.merriam-webster.com.
 
 2017 Merriam Webster, Inc. The inference arising at trial was that Appellant possessed the two distinct drugs outside of the jail. His "conveyance" or "movement" of the drugs into the jail facility constituted a separate and distinct action. In this way, the conveyance offense was committed separately and with a separate animus, affirmative answers to both the second and third questions prescribed by
 
 Ruff.
 

 {¶ 54} Our research did not yield other cases in which the failure to merge a possession conviction into an illegal conveyance conviction was challenged. In reviewing cases involving appeal of other illegal conveyance convictions, we observe the
 State provided evidence in many cases that upon booking, defendants were questioned as to whether they were carrying contraband and further, advised if they were later found to be carrying contraband, they would be subject to prosecution for the offense of illegal conveyance. In this manner, a distinct and separate break in the conduct would be obvious. However, the fact that the record herein does not contain evidence of such questioning, or evidence of further advisal to Appellant of a potential additional charge for any conveyance of contraband, does not change the result.
 

 {¶ 55} For the foregoing reasons, we find neither of Appellant's possession convictions must be merged into the illegal conveyance conviction as allied offenses for purposes of sentencing. As such, we find no merit to Appellant's second assignment of error and it is hereby overruled. Accordingly, the judgment of the trial court is affirmed.
 

 JUDGMENT AFFIRMED.
 

 Abele, J.: Concurs in Judgment and Opinion.
 

 Harsha, J.: Concurs with Concurring Opinion.
 

 Appellant's first court-appointed counsel was permitted to withdraw from representation.
 

 Evid.R. 103(A)(1) provides that a claim of error may not be predicated upon a ruling that admits or excludes evidence unless a substantial right of the party is affected and, if the ruling is one admitting the evidence, the opponent of the evidence raises a timely objection to the evidence, stating the specific ground of objection, unless the ground of objection is apparent from context.
 
 Id.,
 
 at ¶15. Cf.
 
 State v. Smith,
 
 3rd Dist. Allen No. 1-05-39,
 
 2006-Ohio-1661
 
 ,
 
 2006 WL 846342
 
 , at ¶ 8 (while defendant did not demand the testimony of laboratory technicians who prepared report, he did raise an objection at trial to the report's admission on Confrontation Clause grounds).
 
 See
 

 State v. Urbina,
 
 Defiance App. No. 4-06-21,
 
 2008-Ohio-1013
 
 ,
 
 2008 WL 623944
 
 , ¶ 19, 35 (Third Appellate District finding that failure to object at trial to the admission of a laboratory report on Confrontation Clause grounds waived all but plain error).
 

 See
 

 Crager v. Ohio,
 

 557 U.S. 930
 
 ,
 
 129 S.Ct. 2856
 
 ,
 
 174 L.Ed.2d 598
 
 (2009). The United States Supreme Court ordered that
 
 Crager
 
 be reconsidered in light of
 
 Melendez-Diaz.
 

 At sentencing, the trial court referenced
 
 State v. Johnson
 
 ,
 
 128 Ohio St.3d 153
 
 ,
 
 2010-Ohio-6314
 
 ,
 
 942 N.E.2d 1061
 
 . The lead opinion in
 
 Johnson
 
 stated that R.C. 2941.25(A) requires the sentencing court to first determine "whether it is possible to commit one offense and commit the other with the same conduct." (Emphasis sic.)
 
 Id.
 
 at ¶ 48. If the defendant's conduct constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.
 
 Id.
 
 The court must then determine whether the offenses were committed by the same conduct.
 
 Id.
 
 at ¶ 49. "If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged."
 
 Id.
 
 at ¶ 50. However, in
 
 State v. Jackson,
 

 149 Ohio St.3d 55
 
 ,
 
 2016-Ohio-5488
 
 ,
 
 73 N.E.3d 414
 
 , the Supreme Court of Ohio stated at ¶ 127: "More recent decisions of this court, including the decision in
 
 State v. Ruff,
 

 143 Ohio St.3d 114
 
 ,
 
 2015-Ohio-995
 
 ,
 
 34 N.E.3d 892
 
 , 'have rendered the analysis of the
 
 Johnson
 
 lead opinion largely obsolete.'
 
 State v. Earley
 
 ,
 
 145 Ohio St.3d 281
 
 ,
 
 2015-Ohio-4615
 
 ,
 
 49 N.E.3d 266
 
 , ¶ 11."