[Cite as *State v. Griffin*, 2020-Ohio-2936.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 19CA38 |
| | : | |
| MACK GRIFFIN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Guernsey County Court
                                                      of Common Pleas, Case No. 19CR148

JUDGMENT:                                    AFFIRMED

DATE OF JUDGMENT ENTRY:          May 13, 2020

APPEARANCES:

For Plaintiff-Appellee:                          For Defendant-Appellant:

JOEL BLUE                                          MICHAEL GROH
GUERNSEY CO. PROSECUTOR            1938 E. Wheeling Ave.
JASON FARLEY                                    Cambridge, OH 43725
MELISSA BRIGHT
627 Wheeling Ave.
Cambridge, OH 43725

*Delaney, J.*

{¶1}   Appellant Mack Griffin appeals from the October 3, 2019 Judgment Entry of Sentence of the Guernsey County Court of Common Pleas.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   The following statement of facts is taken from an undated document entitled "Affidavit" contained in the record which accompanied the criminal complaint at the preliminary-hearing stage, signed by Det. Mackie of the Guernsey County Sheriff's Office:

> On the evening of April 24th, 2019 Sgt. Oakley made a traffic stop on a vehicle.  During the course of the stop and subsequent investigation, probable cause to arrest the driver and the lone passenger in the vehicle was established[.]   Both parties were transported to the Guernsey County jail.   During the change out process at the jail, Correction Officers observed what appeared to be a plastic bag between the buttocks of the passenger Mack Griffin, Mack initially denied having anything in his possession (*sic*).  After a matter of time Mack did remove a bag from his buttocks and turned it over to Sgt[.] Oakley.  Mack stated the bag contained 28 grams of heroin.  Mack also made a phone call in the presence of Sgt. Oakley and stated on the phone that he had gotten caught with drugs and was going to be going to prison.  [The] suspected drugs were bagged as evidence and were ultimately sent to Crime Lab for testing.[1]

---

[1] Appellee's brief contains a lengthy description of facts which are not contained in the record before us and we therefore disregard.

{¶3}   Appellant was charged by indictment with one count of illegal conveyance of drugs of abuse onto the grounds of a specified governmental facility pursuant to R.C. 2921.36(A)(2) and R.C. 2921.36(G)(2), a felony of the third degree [Count I]; one count of trafficking in a fentanyl-related compound pursuant to R.C. 2925.03(A)(2) and R.C. 2925.03(C)(9)(d), a felony of the third degree [Count II]; and one count of possession of a fentanyl-related compound pursuant to R.C. 2925.11(A) and R.C. 2925.11(C)(11)(c), a felony of the third degree [Count III].

{¶4}   Appellant entered pleas of not guilty and filed a demand for discovery and request for bill of particulars.

{¶5}   On June 3, 2019, appellee filed a bill of particulars stating the language of the statutes he was charged with violating in Counts I, II, and III, each count beginning with the same statement: "That on or about 4/25/2019, and at the location of 601 Southgate Parkway, Cambridge, OH 43725, [appellant] did knowingly * * * ."  601 Southgate Parkway is the address of the Guernsey County Jail.  T. 58.

{¶6}   On June 18, 2019, appellee filed a second bill of particulars, again stating the language of the statutes he was charged with violating in Counts I through III.  In the second bill, Counts II and III are now described as occurring "at the location of I-77 Southbound near milepost 54, Guernsey County, Ohio * * *."  Count I is described as occurring at 601 Southgate Parkway, Cambridge, OH 43725 * * *."

{¶7}   On July 24, 2019, appellant appeared before the trial court and entered a negotiated plea of guilty to Counts I and III, stating the parties would argue at sentencing, appellant would request "EOCC evaluation," and the remaining count would be dismissed.  The trial court ordered a pre-sentence investigation.

{¶8} On October 2, 2019, appellant appeared for sentencing. The trial court noted that it considered certain factors in R.C. 2929.12 which applied to appellant, including he committed the offenses while on post-release control; he has a history of criminal convictions; he has failed to respond to sanctions imposed in the past; he has demonstrated a pattern of drug and alcohol abuse related to the offense which he acknowledges but is not in treatment; and he has shown genuine remorse.

{¶9} At sentencing, appellant argued Counts I and III merge for purposes of sentencing. T. 37. Appellee responded that illegal conveyance and drug possession do not merge and cited *State v. Deckard*, 4th Dist. No. 16CA14, 2017-Ohio-8469, 100 N.E.3d 53 [offenses do not merge because possession conduct is separate conduct having occurred prior to the offense of illegally conveying drugs into the jail].

{¶10} The trial court also noted that it conducted a merger analysis pursuant to R.C. 2941.25 and *State v. Ruff*, 143 Ohio St.3d 114, and found Counts I and III are separate offenses which do not merge for purposes of sentencing.

{¶11} The trial court thereupon imposed a prison term of 24 months upon Count I and 24 months upon Count III, to be served consecutively for a total aggregate sentence of 48 months. Count II was dismissed.

{¶12} Appellant now appeals from the trial court's Judgment Entry of Sentence of October 3, 2019.

{¶13} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶14} "THE TRIAL COURT ERRED IN FAILING TO MERGE COUNTS ONE AND THREE AT SENTENCING."

**ANALYSIS**

{¶15} Appellant argues the trial court erred in concluding that illegal conveyance and possession are separate offenses which do not merge for purposes of sentencing. We disagree.

{¶16} First, we note this case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides in pertinent part the following:

**(E) Determination and judgment on appeal.**

The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

The decision may be by judgment entry in which case it will not be published in any form.

{¶17} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Association*, 11 Ohio App.3d 158 (10th Dist.1983).

{¶18} This appeal shall be considered in accordance with the aforementioned rules.

{¶19} Appellant argues Counts I and III should have merged for sentencing purposes because they are allied offenses of similar import.  R.C. 2941.25, Ohio's allied-offense statute, provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶20} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, syllabus, the Supreme Court of Ohio held the following:

1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import.

2. Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

3. Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of

dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

{¶21} The *Ruff* court explained at paragraph 26:

At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import. When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts. Also, a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense. We therefore hold that two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

{¶22} In the instant case, appellant points to appellee's first bill of particulars and the prosecutor's argument at sentencing and argues "appellant concealed the drugs on his person to take them into the jail * * *." Brief, 4. We note, however, that appellant possessed the drugs at the traffic stop on I-77, and committed a separate act with separate animus in conveying (or attempting to convey) the drugs on his person into the

jail. Appellant's animus in possessing the drugs during the traffic stop is different than his animus in conveying the drugs into the jail.

{¶23} In *State v. Deckard*, the defendant was incarcerated in a county jail when a corrections officers smelled an odor of burning plastic. 2017-Ohio-8469, 100 N.E.3d 53, (4th Dist.). Upon investigation, drugs were found upon the defendant's person which proved to be heroin and cocaine. The defendant was indicted upon illegal conveyance, possession of heroin, and possession of cocaine. The trial court determined the offenses did not merge, and the Fourth District Court of Appeals agreed:

> At sentencing and on appeal, Appellant's counsel argued the conduct constituting the possession charges and conveyance did occur at the same time and place. We agree with the trial court's conclusion that the separate possession convictions, one for heroin and one for cocaine, do not merge for purposes of sentencing. Contemplating the third question set forth in *Ruff*, the possession convictions were committed with a separate animus. Therefore, they are not allied offenses of similar import. We need not consider the other questions posed by *Ruff*. The legislature clearly intended that possession of different drug groups constitutes different offenses. *State v. Rice*, 5th Dist. Licking No. 16CA87, 2017-Ohio-1504, 2017 WL 1436378, ¶ 12, quoting *State v. Westbrook*, 4th Dist. Scioto No. 09CA3277, 2010-Ohio-2692, 2010 WL 2354018, ¶ 43. However, the trial court viewed the possession conduct as separate conduct having occurred prior to the offense of illegally conveying them into

the jail. Given the circumstantial evidence presented at trial, from which the jury inferred that Appellant conveyed the drugs into the jail via his anal cavity, we find this reasoning to be correct.

*State v. Deckard*, 2017-Ohio-8469, 100 N.E.3d 53, ¶ 52 (4th Dist.).

{¶24} See also, *State v. Moten*, 2nd Dist. Clark No. 2018-CA-19, 2019-Ohio-1473, ¶ 20, appeal not allowed, 156 Ohio St.3d 1447, 2019-Ohio-2498, 125 N.E.3d 922 ("Moten's illegal conveyance of the drugs into the jail was 'committed separately' from his trafficking of those drugs outside of the jail. Additionally, Moten's illegal conveyance reasonably can be inferred to have been 'committed with separate animus or motivation' from his trafficking of the same drugs – e.g., intended to conceal those drugs to prevent their confiscation by police and the prospect of additional charges and/or to preserve the drugs for his own use while incarcerated, instead of simply to sell the drugs.").

{¶25} In the instant case, we agree with the reasoning of the Fourth and Second District Courts of Appeal and conclude Counts I and III are separate offenses within the meaning of *Ruff*. As appellee points out, drug possession can be committed without illegal conveyance. Appellant had an opportunity to give up the drugs before he was booked into the jail, but instead failed to disclose the presence of the drugs and attempted to bring them into the jail with him.

{¶26} We therefore find the trial court did not err in refusing to merge the offenses, and appellant's sole assignment of error is overruled.

## CONCLUSION

{¶27} Appellant's sole assignment of error is overruled and the judgment of the Guernsey County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, John, P.J. and

Wise, Earle, J., concur.