[Cite as *State v. Bevard*, 2024-Ohio-982.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-15 |
| | : | |
| v. | : | Trial Court Case No. 2023 CR 012 |
| | : | |
| JASON ALLEN BEVARD | : | (Criminal Appeal from Common Pleas |
| aka JASON ALLEN BEAUARD | : | Court) |
| aka JASON NELSON | : | |
| | : | |
| Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 15, 2024

. . . . . . . . . . .

MARY ADELINE R. LEWIS, Attorney for Appellant

JANE A. NAPIER, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Jason Allen Bevard appeals from his conviction following a guilty plea to one count of illegally conveying drugs onto the grounds of a jail, a third-degree felony.

{¶ 2} Bevard challenges the validity of his guilty plea. He contends the trial court incorrectly stated that the illegal-conveyance charge and a second charge for aggravated

drug possession would not merge as allied offenses. Based on this representation, Bevard contends he believed pleading guilty to the illegal-conveyance charge in exchange for dismissal of the possession charge would reduce his potential aggregate sentence. He argues that the two offenses in fact would have merged for sentencing, meaning that the trial court misled him about the benefit of pleading guilty. As a result, he contends his guilty plea was not knowing, intelligent, and voluntary.

{¶ 3} Based on the limited factual record before us, we conclude that the illegal-conveyance and drug-possession charges likely were not allied offenses of similar import under existing case law. Because this is essentially what the trial court told Bevard, we see no misstatement affecting the validity of his plea. Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 4} The charges against Bevard involved his bringing methamphetamine into the Tri-County Jail, where he was booked for disorderly conduct. A correctional officer found the methamphetamine in two baggies outside of Bevard's cell door. After the trial court overruled a suppression motion, the State offered to allow him to plead guilty to the illegal-conveyance charge, a third-degree felony, in exchange for dismissal of the aggravated drug-possession charge, a fifth-degree felony. The State also agreed to recommend no more than 24 months in prison. While Bevard was considering the offer during a plea hearing, defense counsel made the following statement to the trial court:

> * * * Just to place of record, I did convey that offer to my client Sunday
>
> at the jail when I spoke to him on the phone and again this morning and

before and after the suppression hearing. In general, I would say I have encouraged him to take it because I do believe with his exposure, even just by getting rid of the F-5 charge, as well as the State's recommendation. But he maintains his desire for trial. Thank you.

February 22, 2023 Transcript at 76.

{¶ 5} The trial court then engaged in additional discussion with Bevard. At one point, the trial court stated:

The Court hasn't looked at this issue of merger of offenses. But the Court believes that, at least initially, that the felony three and the felony five can stand on their own in terms of if you get convicted of both, you can be sentenced on both. That means that your total exposure is 48 months. 36 months maximum on the felony three and 12 months maximum on the felony five. And your lawyer is saying, look, the State is willing to knock off some of that exposure.

*Id.* at 81.

{¶ 6} After additional discussion, including a private conversation between Bevard and defense counsel, Bevard accepted the plea agreement and pled guilty. The trial court later imposed a 24-month prison sentence. This appeal followed.

## II. Analysis

{¶ 7} Bevard contends the trial court's statement about his two offenses not merging for sentencing induced him to accept the plea agreement, which provided for the lesser charge to be dismissed. Bevard argues that his two offenses in fact were subject to merger, meaning that he did not receive the benefit suggested by the trial court.

According to Bevard, the trial court's misrepresentation about merger affected the knowing, intelligent, and voluntary nature of his plea.

**{¶ 8}** To satisfy due process, a guilty plea must be made knowingly, intelligently, and voluntarily. *State v. Harris*, 2d Dist. Clark No. 2020-CA-29, 2021-Ohio-1431, ¶ 15. To ensure that this requirement is met, a trial court must follow Crim.R. 11(C). *State v. Brown*, 2d Dist. Montgomery Nos. 24520, 24705, 2012-Ohio-199, ¶ 13. "[T]he rule 'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.' " *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 11, quoting *State v. Stone*, 43 Ohio St.2d 163, 168, 331 N.E.2d 411 (1975).

**{¶ 9}** In the present case, Bevard does not argue that the trial court failed to advise him of any constitutional or non-constitutional rights, as required by Crim.R. 11(C), during the plea hearing. We note too that nothing in Crim.R. 11(C) obligated the trial court to address the merger or non-merger of allied offenses before accepting his plea. *State v. Jefferson*, 2d Dist. Montgomery No. 26022, 2014-Ohio-2555, ¶ 21. Nevertheless, Bevard contends the trial court affirmatively misled him into believing he faced the possibility of separate sentences for his two offenses, thereby rendering his plea invalid.

**{¶ 10}** We find Bevard's argument to be unpersuasive. As set forth above, defense counsel first advised him to accept the plea agreement to limit his potential sentencing exposure. The trial court similarly stated that it had not examined the merger issue but that it appeared "at least initially" as if merger did not apply and that the plea agreement would "knock off" 12 months of potential prison time.

{¶ 11} Although the record contains few details about Bevard's conduct, case law establishes that drug possession and illegally conveying drugs into a secure facility at least sometimes do not merge. *See, e.g.*, *State v. Griffin*, 5th Dist. Guernsey No. 19CA38, 2020-Ohio-2936, ¶ 22 ("Appellant's animus in possessing the drugs during the traffic stop is different than his animus in conveying the drugs into the jail."); *State v. Evans*, 5th Dist. Muskingum No. CT2001-0037, 2022-Ohio-1934, ¶ 52 ("[W]e find that the offenses of aggravated possession and illegal conveyance were committed separately, and with separate animus or motivation, and should not be merged."); *State v. Kendall*, 6th Dist. Williams No. WM-19-024, 2021-Ohio-1551, ¶ 87 ("[A]ppellant knowingly possessed the methamphetamine at the time of his arrest. During intake, appellant was given the opportunity to disclose the drugs, but did not do so, and knowingly brought the drugs with him into [the corrections center]. Therefore, we find that the offenses of aggravated possession and illegal conveyance were committed separately, and with separate animus or motivation, and should not be merged."); *State v. Deckard*, 2017-Ohio-8469, 100 N.E.3d 53, ¶ 52 (4th Dist.) ("[T]he trial court viewed the possession conduct as separate conduct having occurred prior to the offense of illegally conveying them into the jail. Given the circumstantial evidence presented at trial, from which the jury inferred that Appellant conveyed the drugs into the jail via his anal cavity, we find this reasoning to be correct."); *see also State v. Moten*, 2d Dist. Clark Nos. 2018-CA-19 and 2018-CA-20, 2019-Ohio-1473, ¶ 20 ("Moten's illegal conveyance of the drugs into the jail was 'committed separately' from his trafficking of those drugs outside of the jail. Additionally, Moten's illegal conveyance reasonably can be inferred to have been 'committed with separate

animus or motivation' from his trafficking of the same drugs – e.g., intended to conceal those drugs to prevent their confiscation by police and the prospect of additional charges and/or to preserve the drugs for his own use while incarcerated, instead of simply to sell the drugs.").

{¶ 12} In light of the foregoing case law, defense counsel and the trial court correctly advised Bevard that pleading guilty would reduce his potential prison exposure. With regard to the trial court, it made clear that it had not examined the merger issue and that its statement was a tentative assessment. In essence, defense counsel and the trial court both conveyed the fact that accepting the plea agreement would eliminate Bevard's risk of receiving an additional 12 months in prison. That risk was real, and the plea agreement mitigated it. Therefore, we see no basis for finding that the trial court's statement rendered Bevard's plea less than knowing, intelligent, and voluntary.

### III. Conclusion

{¶ 13} Bevard's assignment of error is overruled, and the judgment of the Champaign County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and WELBAUM, J., concur.