[Cite as *State v. Dodson*, 2017-Ohio-350.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No.     16CA0020-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JESSICA E. DODSON | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No.     14CR0342 |

DECISION AND JOURNAL ENTRY

Dated: January 31, 2017

SCHAFER, Judge.

{¶1}   Defendant-Appellant, Jessica E. Dodson, appeals the judgment of the Medina County Court of Common Pleas sentencing her to a prison term of eighteen months.  For the reasons that follow, this Court affirms.

I.

{¶2}   The Medina County grand jury issued an indictment charging Dodson with one count of possession of heroin in violation of R.C. 2925.11(A)/(C)(6)(a), one count of possession of cocaine in violation of R.C. 2925.11(A)/(C)(3)(a), and one count of aggravated possession of drugs (methadone) in violation of R.C. 2925.11(A)/(C)(4)(a).  At arraignment, Dodson entered a plea of not guilty and the matter proceeded through the pretrial process.

{¶3}   The trial court ultimately found that Dodson met the criteria for intervention in lieu of conviction ("IILC").  Consequently, Dodson entered a guilty plea to all three counts in the indictment and the trial court stayed the criminal proceedings without entering a finding of guilt.

The trial court then ordered Dodson to comply with the terms and conditions of the IILC program. However, after several violations, the trial court found Dodson guilty of violating the conditions of IILC and accepted Dodson's earlier pleas of guilty to possession of heroin, possession of cocaine, and aggravated possession of drugs. After a presentence investigation, the trial court sentenced Dodson to 180 days of incarceration at the Medina County Jail with a credit for 68 days already served. The trial court also imposed a number of non-residential community control sanctions, including three years of probation under intensive supervision. While incarcerated at the Medina County Jail, the trial court also ordered that Dodson be assessed for placement at the Lorain/Medina County Community Based Correctional Facility ("CBCF").

{¶4} Although Dodson was eventually placed at CBCF, she was unsuccessfully terminated a short time later. At a hearing, the trial court accepted Dodson's plea of admission and found her guilty of violating the terms and conditions of her probation. The trial court sentenced Dodson to a jail sentence of an additional thirty days and continued Dodson on probation.

{¶5} However, Dodson again violated her probation. At a subsequent hearing, the trial court accepted Dodson's plea of admission and again found her guilty of violating the terms and conditions of her probation. The trial court then imposed a prison sentence on Dodson of six months incarceration on each of the three counts of possession to run consecutively with a credit of 206 days for time already served.

{¶6} Dodson now brings this timely appeal and raises one assignment of error for our review.

II.

## Assignment of Error

**The trial court committed plain error and erred as a matter of law in sentencing Appellant to consecutive sentences for allied offenses that arose from the same conduct and were not committed separately or with separate animus.**

{¶7}   In her sole assignment of error, Dodson contends that the trial court committed plain error when it imposed consecutive prison sentences because her convictions were allied offenses arising from the same conduct and were not committed separately or with separate animus.  We disagree.

{¶8}   In this case, Dodson did not seek to merge her charges prior to entering her guilty pleas to possession of heroin, possession of cocaine, and aggravated possession of drugs and the trial court's subsequent acceptance of those guilty pleas.  Consequently, Dodson states that her separate convictions were proper "since the merger process was waived below."  Dodson contends that regardless of this waiver, her convictions for possession of heroin, possession of cocaine, and aggravated possession of drugs are allied offenses which arose from the same conduct and, therefore, the trial court committed plain error when it did not merge her convictions for sentencing purposes.

{¶9}   Crim.R. 52(B) allows an appellate court to take notice of a plain error affecting a substantial right even though the error was not first brought to the trial court's attention.  However, a plain error review is only proper for instances of forfeiture rather than for waiver.  *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 23.   Waiver is the intentional relinquishment or abandonment of a right, and the waiver of a right "cannot form the basis of any claimed error under Crim.R. 52(B)."  *Id.*, quoting *State v. McKee*, 91 Ohio St.3d 292, 299, fn. 3 (Cook, J., dissenting).  However, "[i]n contrast to waiver, forfeiture is the failure to timely assert

a right or object to an error." *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 21. Although Dodson uses the term waiver, in the body of her brief Dodson treats her failure to seek the merger of her charges in the court below as a forfeiture of the argument and not as a waiver. We recognize that "[i]t is possible for an accused to expressly waive the protection afforded by R.C. 2941.25, such as by 'stipulating in the plea agreement that the offenses were committed with separate animus.'" *Id.* at ¶ 20, quoting *Underwood* at ¶ 29. However, after a thorough review, we conclude that nothing in the record indicates that by pleading guilty Dodson intended to relinquish the opportunity to argue that her offenses should have merged for the purposes of sentencing. Additionally, "an allied offenses claim is consistent with an admission of guilt and therefore is not waived by pleading guilty to offenses that might be allied offenses of similar import." *Rogers* at ¶ 19. Accordingly, we will analyze Dodson's failure to raise the issue of the possible merger of her charges before the trial court as a forfeiture of the argument.

{¶10} As we stated previously, Crim.R. 52(B) allows an appellate court to take notice of a plain error affecting a substantial right even though the error was not first brought to the trial court's attention. The Supreme Court of Ohio has held that "[a]n accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible unless it affected the outcome of the proceedings and reversal is necessary to correct a manifest miscarriage of justice." *Id.* at ¶ 3. "Accordingly, an accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without separate animus; absent that showing, the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentence was plain error." *Id.*

{¶11} "Whether multiple punishments imposed in the same proceeding are permissible is a question of legislative intent." *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, ¶ 10. "Absent a more specific legislative statement, R.C. 2941.25 is the primary indication of the General Assembly's intent to prohibit or allow multiple punishments for two or more offenses resulting from the same conduct." *Id.* at ¶ 11. "R.C. 2941.25 codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, which prohibits multiple punishments for the same offenses." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 23. The statute provides as follows:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

Accordingly, R.C. 2941.25(B) provides "that the *same conduct* can be separately punished if that conduct constitutes offenses of *dissimilar* import. (Emphasis sic.) *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, ¶ 20. Offenses are of dissimilar import if they involve separate victims or if the harm that results from each offense is separate and identifiable. *Id.* at paragraph 2 of the syllabus.

{¶12} Dodson contends that her convictions for possession of heroin, possession of cocaine, and aggravated possession of drugs are allied offenses of similar import because they were committed on the same day and arose from the same conduct. However, in *State v.*

*Helmick*, 9th Dist. Summit No. 27179, 2014-Ohio-4187, this Court previously recognized the following:

> Generally, crimes relating to different controlled substances are of dissimilar import and do not merge. Under R.C. 2628.11(C), drug possession offenses are classified and penalized based on the type and quantity of the controlled substance involved. Where each violation of R.C. 2925.11 requires proof of the identity of a different drug that was possessed * * * the legislature intended the possession of the different drug groups to constitute different offenses.

(Internal quotations and citations omitted.) *Id.* at ¶ 26. Other Ohio courts have also concluded that the legislature intended the possession of different drugs to constitute different offenses and thus, crimes relating to different controlled substances are of dissimilar import. *See State v. Huber*, 2d Dist. Clark No. 2010-CA-83, 2011-Ohio-6175, ¶ 7 ("[T]he fact each violation of R.C. 2925.11 requires proof of the identity of a different drug that was possessed demonstrates 'that the legislature intended the possession of the different drug groups to constitute different offenses.'") quoting *State v. Delfino*, 22 Ohio St.3d 270, 274 (1986); *State v. Heflin*, 6th Dist. Lucas No. L-11-1173, 2012-Ohio-3988, ¶ 14 (holding that convictions for simultaneous possession of cocaine and heroin were not subject to merger as allied offenses of similar import since possession of either would never support a conviction for possession of the other); *State v. Santiago*, 8th Dist. Cuyahoga No. 101601, 2015-Ohio-1300, ¶ 12 (concluding that possession of heroin and possession of cocaine do not constitute allied offenses of similar import since they are recognized as separate offenses under R.C. 2925.11); *State v. Hughes*, 5th Dist. Coshocton No. 15CA0008, 2016-Ohio-880, ¶ 24-25 (concluding that convictions for possession of cocaine, heroin and other controlled substances did not merge for purposes of sentencing).

{¶13} In this case, Dodson was convicted of possession of heroin in violation of R.C. 2925.11(A)/(C)(6)(a), possession of cocaine in violation of R.C. 2925.11(A)/(C)(4)(a), and aggravated possession of drugs (methadone) in violation of R.C. 2925.11 (A)/(C)(1)(a).

Although it is undisputed that Dodson's possession of heroin, cocaine, and methadone occurred simultaneously, each is recognized as a separate offense under R.C.2925.11. Therefore, we conclude that Dodson has failed to meet her burden to show a reasonable probability that her offenses were allied offenses and subject to merger.

{¶14} Accordingly, Dodson's sole assignment of error is overruled.

### III.

{¶15} Dodson's sole assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

WHITMORE, P. J.
HENSAL, J.
CONCUR.


<u>APPEARANCES:</u>

PAUL E. MEYER, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.