[Cite as *State v. Rice*, 2017-Ohio-1504.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| VICKEY L. RICE | : | Case No. 16-CA-87 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Case No. 2016 CR 00085




JUDGMENT:                    Affirmed




DATE OF JUDGMENT:            April 24, 2017




APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CLIFFORD J. MURPHY                        ROBERT C. BANNERMAN
20 North Second Street                    P.O. Box 77466
4th Floor                                 Columbus, OH  43207-0098
Newark, OH  43055

*Wise, Earle, J.*

{¶ 1} Defendant-Appellant, Vickey Rice, appeals the October 4, 2016 judgment entry of the Court of Common Pleas of Licking County, Ohio, sentencing her to a term of seventy-eight months in prison. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On February 11, 2016, the Licking County Grand Jury indicted appellant on two counts of aggravated trafficking in drugs (methamphetamine) in violation of R.C. 2925.03, two counts of aggravated possession of drugs (methamphetamine and Hydrocodone) in violation of R.C. 2925.11, and one count of possession of drugs (Zolpidem) in violation of R.C. 2925.11.

{¶ 3} On October 4, 2016, appellant pled guilty as charged. By judgment entry filed same date, the trial court sentenced appellant to fifteen months each on the trafficking counts, thirty months on the aggravated possession of methamphetamine count, nine months on the aggravated possession of Hydrocodone count, and nine months on the possession of Zolpidem count, to be serve consecutively, for a total term of seventy-eight months in prison.

{¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶ 5} "FAILURE TO MERGE APPELLANT'S THREE CONVICTIONS FOR DRUG POSSESSION VIOLATED THE PROTECTIONS EMBODIED IN OHIO'S ALLIED OFFENSE STATUTE R.C. § 2941.25."

I

{¶ 6}   In her sole assignment of error, appellant claims the trial court erred in not merging her three drug possession convictions in violation of R.C. 2941.25.   We disagree.

{¶ 7}   R.C. 2941.25 governs multiple counts and states the following:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 8}    In *State v. Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, syllabus, the Supreme Court of Ohio held the following:

1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import.

2. Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

3. Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

{¶ 9}   The *Ruff* court explained at ¶ 26:

At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import.  When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts.  Also, a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense.  We therefore hold that two or more offenses of dissimilar import exist

within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

{¶ 10} In this case, appellant pled guilty to three possession counts: two counts of aggravated possession of drugs (methamphetamine and Hydrocodone) and one count of possession of drugs (Zolpidem), all in violation of R.C. 2925.11. She received thirty months for the methamphetamine, and nine months each for the Hydrocodone and Zolpidem.

{¶ 11} Pursuant to the indictment filed on February 11, 2016 and the bill of particulars filed on July 1, 2016, appellant possessed all the aforementioned drugs on December 8, 2015.

{¶ 12} In *State v. Hughes,* 5th Dist. Coshocton No. 15CA0008, 2016-Ohio-880, this court reviewed this exact issue. In *Hughes,* the defendant was convicted of four counts of possession for possessing heroin, cocaine, Alprazolam, and Buprenorphrine, all discovered in a safe pursuant to a search warrant on July 2, 2014. This court noted at ¶ 24, "pursuant to R.C. 2925.11, each of the controlled substances at issue in the instant case is classified and penalized differently based upon its type and quantity. It would thus defeat the legislature's intent to merge the drug possession offenses into a single offense for purposes of sentencing." The *Hughes* court concluded the counts were not allied offenses of similar import and did not merge for sentencing, stating the following at ¶ 25:

Other courts have agreed the legislature clearly intended possession of different drug groups constitutes different offenses, thus if different drugs and different bulk amounts are involved, "[m]erger as allied offenses is simply not correct * * *." *Houston v. Erdos*, S.D.Ohio No. 1:14-CV-956, 2016 WL 126896, *12 (Jan. 12, 2016), citing *Delfino*, supra, 22 Ohio St.3d at 274 and *Westbrook,* supra, 2010-Ohio-2692 at ¶ 43. See also, *State v. Santiago*, 8th Dist. Cuyahoga No. 101601, 2015-Ohio-1300, ¶ 12 [simultaneous possession of heroin and cocaine, each recognized as a separate offense under R.C. 2925.11, does not constitute allied offenses of similar import for sentencing]; *State v. Johnson,* 6th Dist. Ottawa No. OT-13-022, 2014-Ohio-1558 [simultaneous possession of heroin, cocaine, and oxycodone did not constitute allied offenses of similar import for sentencing because simultaneous possession of different types of controlled substances can constitute multiple offenses under R.C. 2925.11]; *State v. Huber,* 2nd Dist. Clark No. 2010-CA-83, 2011-Ohio-6175 [convictions for possession of methadone, hydrocodone, oxycodone, and fentanyl did not merge because legislature intended possession of different drug groups constitutes different offenses under R.C. 2925.11]; *State v. Heflin,* 6th Dist. Lucas No. L-11-113, 2012-Ohio-3988 [convictions for simultaneous possession of cocaine and heroin are not subject to merger as allied offenses of similar import under R.C. 2941.25]; *State v. Helmick*, 9th Dist. Summit No. 27179, 2014-Ohio-4187 [possession of

methamphetamine and marijuana are not allied and not subject to merger].

{¶ 13} Based on this court's decision in *Hughes,* we find the trial court in this case did not err in not merging the three drug possession convictions.

{¶ 14} The sole assignment of error is denied.

{¶ 15} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Wise, Earle, J.

Delaney, P.J. and

Hoffman, J. concur.

EEW/sg 413