[Cite as *State v. Ratliff*, 2017-Ohio-2816.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-16-1187

      Appellee                                 Trial Court No. CR0201601694

v.

Nicholas Lee Ratliff                             **DECISION AND JUDGMENT**

      Appellant                                Decided:  May 12, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Defendant-appellant, Nicholas Lee Ratliff, appeals the July 26, 2016

judgment of the Lucas County Court of Common Pleas, convicting him of failure to

comply with an order of a police officer, possession of cocaine, possession of heroin,

unauthorized use of a motor vehicle, grand theft of a firearm, and violation of postrelease control. For the reasons that follow, we affirm the trial court judgment.

## I. Background

{¶ 2} On April 4, 2016, Ratliff stole a firearm from the home of an acquaintance. The next day, he led Toledo police on a high-speed chase in a vehicle he stole from another acquaintance. Either while being pursued or shortly after the chase ended, Ratliff ingested cocaine and heroin. He was found to be in possession of over five grams of cocaine and .07 grams of heroin.

{¶ 3} Ratliff was charged in two separate indictments. In Lucas County case No. CR0201602040 ("CR16-2040"), he was charged with grand theft of a firearm, a violation of R.C. 2913.02(A)(1) and (B)(4), a third-degree felony. In Lucas County case No. CR0201601694 ("CR16-1694"), he was charged with burglary, a violation of R.C. 2911.12(A)(2) and (D), a second-degree felony (Count 1); grand theft of a motor vehicle, a violation of R.C. 2913.02(A)(1) and (B)(5), a fourth-degree felony (Count 2); failure to comply with the order of a police officer, a violation of R.C. 2921.331(B) and (C)(5)(a)(i), a third-degree felony (Count 3); tampering with evidence, a violation of R.C. 2921.12(A)(1) and (B), a third-degree felony (Count 4); possession of cocaine, a violation of R.C. 2925.11(A) and (C)(4)(b), a fourth-degree felony (Count 5); and possession of heroin, a violation of R.C. 2925.11(A) and (C)(6)(a), a fifth-degree felony (Count 6). He was later charged by information with unauthorized use of a vehicle, a violation of R.C. 2913.03(A) and (D)(2), a first-degree misdemeanor (Count 7).

2.

**{¶ 4}** On July 11, 2016, Ratliff entered a plea of guilty under *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to the single count in case No. CR16-2040. He entered a plea of no contest to Counts 3, 5, 6, and 7 in case No. CR16-1694. At the request of the state, nolle prosequi was entered as to Counts 1, 2, and 4. The trial court ordered a presentence investigation report and continued the matter for sentencing.

**{¶ 5}** The sentencing hearing went forward on July 26, 2016. In case No. CR16-1694, the trial court ordered Ratliff to a prison term of 36 months as to Count 3; 17 months as to Count 5; 11 months as to Count 6; and 180 days as to Count 7. In case No. CR16-2040, it imposed a prison term of 30 months. The court ordered that the sentences imposed in Counts 3, 5, and 6 be served consecutively, and that the terms imposed in Count 7 and the sole count in case No. CR16-2040 be served concurrently with the other sentences. The court also found that Ratliff had violated the terms of postrelease control imposed in Williams County case No. 14CR000097. It found that Ratliff had 943 days remaining of postrelease control, and it sentenced Ratliff to serve those 943 days consecutively to the sentences imposed in case Nos. CR16-1694 and CR16-2040. In addition to these prison terms, the trial court ordered periods of postrelease control and driver's license suspensions, and it imposed costs.

**{¶ 6}** Ratliff appealed the trial court's decision, and he assigns the following error for our review:

3.

The court committed reversible error when it failed to merge appellant's convictions for possession of cocaine and heroin at sentencing as allied offenses of similar import, when appellant consumed the drugs simultaneously during the high-speed chase, and when the offenses all occurred as part of one continuous bad act.

## II.  Law and Analysis

{¶ 7} In his sole assignment of error, Ratliff contends that the trial court erred when it refused his request to merge the sentences imposed for Counts 5 and 6—possession of cocaine and possession of heroin.  He asks us to find that "the combination of cocaine and heroin in appellant's system contributed to the high-speed chase * * *, making the possession and ingestion of drugs part of the high-speed chase, such that the drugs and chase were arguably one continuous bad act."

{¶ 8} The Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution, applicable to the state through the Fourteenth Amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 10.  The Double Jeopardy Clause protects against a number of abuses. *Id.*  Pertinent to this case is the protection against multiple punishments for the same offense. *Id.*  To that end, the General Assembly enacted R.C. 2941.25, which directs when multiple punishments may be imposed. *Id.*  It prohibits multiple convictions for allied offenses of similar import arising out of the same conduct:

4.

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 9} In *Ruff*, the Ohio Supreme Court examined in detail the analysis that must be performed in determining whether offenses are allied offenses of similar import under R.C. 2941.25. It identified three questions that must be asked: "(1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation?" *Id.* at ¶ 31. If the answer to any of these questions is "yes," the defendant may be convicted and sentenced for multiple offenses. *Id.* at ¶ 25, 30. The court explained that offenses are of *dissimilar* import "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at ¶ 23. And it emphasized that the analysis must focus on the defendant's conduct, rather than simply compare the elements of two offenses. *Id.* at ¶ 30.

5.

**{¶ 10}** In *State v. Heflin,* 6th Dist. Lucas No. L-11-1173, 2012-Ohio-3988, we considered the precise issue that Ratliff raises. We held that "convictions for simultaneous possession of cocaine and heroin are not subject to merger as allied offenses of similar import under R.C. 2941.25." In reaching this conclusion, we were guided by the Ohio Supreme Court's decision in *State v. Delfino*, 22 Ohio St.3d 270, 274, 490 N.E.2d 884 (1986), where the court held that "[t]he simultaneous possession of different types of controlled substances can constitute multiple offenses under R.C. 2925.11." *Id.* at syllabus.

**{¶ 11}** While *Delfino* was decided before *Ruff* and before *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, which had previously been the leading decision on allied offenses, we find that its holding survives the *Johnson* and *Ruff* analyses given that the possession of controlled substances "is classified and penalized differently based upon its type and quantity." *State v. Hughes*, 2016-Ohio-880, 60 N.E.3d 765, ¶ 24 (5th Dist.). As such, we continue to apply this holding, as do other appellate districts across the state. *See, e.g., State v. Johnson*, 6th Dist. Ottawa No. OT-13-022, 2014-Ohio-1558, ¶ 9; *State v. Dodson*, 9th Dist. Medina No. 16CA0020-M, 2017-Ohio-350, ¶ 12-13; *State v. Rice*, 5th Dist. Licking No. 16-CA-87, 2017-Ohio-1504, ¶ 12; *State v. Huber*, 2d Dist. Clark No. 2010-CA-83, 2011-Ohio-6175, ¶ 7-9; *State v. Santiago*, 8th Dist. Cuyahoga No. 101601, 2015-Ohio-1300, ¶ 11-12.

**{¶ 12}** Ratliff acknowledges our holding in *Heflin,* but he insists that his case is distinguishable. He argues that in *Heflin,* the defendant was in possession of "multiple

6.

drugs with the intent to sell them, presumptively for different prices, and to different people." He claims that his case is different because the combined effect of the two drugs led him to engage the officers in the high-speed chase. He suggests that possession of the drugs and the chase were one continuous bad act.

{¶ 13} It is not entirely clear why Ratliff believes that it is important, in the context of this allied-offense analysis, to link the cause of the chase to his use of the heroin and cocaine. The mistake he seems to be making is in his assumption that possession of the drugs at issue must have produced some identifiable harm. He argues "[t]his court should find that the facts here are distinguishable from the *Ruff* case, because there was no separate harm from defendant's drug possessions. Rather, the harm that occurred was the high-speed chase." But in fact, "physical harm to person or property is not an element of the offense" under R.C. 2925.11. *State v. Helmstetter*, 3d Dist. Auglaize Nos. 2-13-07, 2-13-08, 2013-Ohio-3982, ¶ 6. The "harm," so to speak, is the possession itself. A defendant need not have used the drug, let alone caused harm because of the effects of the drug. So whether the chase was "drug-fueled" is of no consequence in this allied-offense determination.

{¶ 14} Regardless of what caused Ratliff to lead police to chase him, he possessed two distinct drugs—cocaine and heroin. Each is addressed in a separate subsection of R.C. 2925.11, and possession of each constitutes commission of a separate offense. Accordingly, we find no error in the trial court's refusal to merge the offenses, and we find Ratliff's sole assignment of error not well-taken.

7.

### III. Conclusion

{¶ 15} Because the simultaneous possession of cocaine and heroin are not subject to merger as allied offenses of similar import under R.C. 2941.25, we find Ratliff's assignment of error not well-taken, and we affirm the July 26, 2016 judgment of the Lucas County Court of Common Pleas.  Costs are assessed to Ratliff under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

James D. Jensen, P.J. _____

Christine E. Mayle, J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

8.