[Cite as *State v. Stuckey*, 2018-Ohio-4435.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-170285 |
| | | TRIAL NOS. B-1501501 |
| Plaintiff-Appellee, | : | B-1604595(A) |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| BRANDON STUCKEY, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Affirmed

Date of Judgment Entry on Appeal: November 2, 2018

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Melynda J. Machol*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger W. Kirk,* and *Robinson & Brandt, PSC*, and *Jeffrey M. Brandt*, for Defendant-Appellant.

**MOCK, Presiding Judge.**

{¶1}    In two assignments of error, defendant-appellant Brandon Stuckey claims that the trial court improperly sentenced him in two separate cases.  We affirm the trial court's judgments.

### The Case Numbered B-1501501

{¶2}    Stuckey was charged with one count of trafficking in cocaine, one count of possession of cocaine, one count of aggravated trafficking in fentanyl, and one count of aggravated possession of fentanyl.  Pursuant to a plea agreement, Stuckey pleaded guilty to possession of cocaine and aggravated possession of fentanyl.  The remaining two counts were dismissed.  The state related the following facts, to which Stuckey agreed:

> [T]he officer saw the defendant engaged in numerous hand-to-hand drug sales from his motor vehicle.  In that motor vehicle, the defendant was in the driver's seat.  Officers searched the car and found a digital scale and marijuana in the driver's-side door where the defendant was seated.  They also found a bag of powder cocaine, [prepared] for distribution, above the sun visor on the driver's side of the car where he was seated in the driver's seat.  He also had U.S. currency on his person.  The weight of the cocaine was 1.641 grams.  As far as the fentanyl, the weight was 4.21 grams.

After the appropriate colloquy with the trial court, Stuckey entered guilty pleas to the two counts, and the matter was then continued for sentencing.  During the sentencing hearing, new counsel for Stuckey raised the issue of whether the two counts were allied offenses of similar import, and therefore, subject to merger. The following exchange took place:

**DEFENSE COUNSEL**: Your honor, I believe these two F5s are allied offenses.

**THE COURT**: One is trafficking in cocaine. The other is possession of fentanyl.

**DEFENSE COUNSEL**: I would argue it was probably - - he was arrested at the same time for those. I wasn't here for Mr. Stuckey to take the plea. I haven't had a chance to tell Mr. Stuckey this. I understand the Court wants to proceed on the sentencing today for that matter, which was already pled.

{¶3} At the conclusion of the sentencing hearing, the trial court sentenced Stuckey to 12 months in prison on each count, with the sentences to be served concurrently.

### The Case Numbered B-1604595(A)

{¶4} Stuckey was indicted on two counts of trafficking in heroin, two counts of possession of heroin, two counts of felonious assault on a police officer, having a weapon while under a disability, aggravated trafficking in drugs, and aggravated possession of drugs. Pursuant to a plea agreement, Stuckey pleaded guilty to two counts of trafficking in heroin, one count of felonious assault, and having a weapon while under a disability. The remaining counts were dismissed. After finding Stuckey guilty of those counts, the trial court proceeded immediately to sentencing.

{¶5} On the issue of sentencing, the state had previously indicated that "we agreed to have the defendant plead to the counts he is and dismiss, in exchange for those pleas, the remaining counts, and discuss with the officers a proposed sentence of five years in the Ohio Department of Corrections." Counsel for Stuckey asked the trial court to "impose the five years that was discussed." The trial court then said,

"Mr. Stuckey, it took a while to get you here, but you are here now. And I think based upon everything that's before me, having considered the sentencing factors under 2929 of the Ohio Revised Code, I find, obviously, you are not amenable to community control." The trial court then sentenced Stuckey to 12 months in prison on each count of trafficking in heroin, five years in prison for felonious assault, and 36 months for having a weapon while under a disability. Each term was ordered to be served concurrently with the others and concurrently with the sentence in another case, for a total of five years in prison.

{¶6} In two assignments of error, Stuckey claims that the trial court erred when it sentenced him in these two cases. He first argues that the trial court erred when it refused to merge his cocaine-trafficking and fentanyl-possession charges in the case numbered B-1501501. He then argues that the trial court failed to consider the appropriate sentencing factors when it sentenced him to an aggregate term of five years in prison in the case numbered B-1604595(A).

## Allied Offenses in B-1501501

{¶7} In his first assignment of error, Stuckey claims that the trial court should have merged his convictions for trafficking in cocaine and possession of fentanyl. The Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution, and the Ohio Constitution, Article I, Section 10, protect a defendant against multiple punishments for the same offense. *State v. Martello*, 97 Ohio St.3d 398, 2002-Ohio-6661, 780 N.E.2d 250, ¶ 7; *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). This constitutional protection is codified in R.C. 2941.25. *See State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, ¶ 23. R.C. 2941.25 provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment

or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶8} The Ohio Supreme Court set forth the test to determine if two offenses are allied offenses of similar import in *State v. Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892. It explained:

Rather than compare the elements of two offenses to determine whether they are allied offenses of similar import, the analysis must focus on the defendant's conduct to determine whether one or more convictions may result because an offense may be committed in a variety of ways and the offenses committed may have different import. No bright-line rule can govern every situation.

As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

*Id.* at ¶ 30-31.

5

{¶9} While the state has the burden of proof regarding the elements of an offense, Stuckey bears the burden to demonstrate that he is entitled to the protection of R.C. 2941.25. *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d 661, ¶ 18, citing *State v. Mughni*, 33 Ohio St.3d 65, 67, 514 N.E.2d 870 (1987). Our review of an allied-offenses question is de novo. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 12.

{¶10} On appeal, Stuckey argues that "it appears that the cocaine and fentanyl were a mixture contained in a single bag." But that is not a fair reading of the record. The record does not indicate that the cocaine and fentanyl were mixed. If anything, the fact that the two drugs were listed as having been weighed separately, and that only the cocaine was described as having been prepared for distribution, indicates that the two drugs were not combined. Stuckey failed to prove that the two drugs had been combined into one substance.

{¶11} At trial, counsel's only argument that the two charges were allied offenses was that "he was arrested at the same time for those." This court has not addressed the question of whether separate charges relating to two different drugs are allied offenses of similar import. But most appellate districts have affirmatively held that they are not. As the Second Appellate District noted, where "each violation of R.C. 2925.11 requires proof of the identity of a different drug that was possessed * * * 'the legislature intended the possession of the different drug groups to constitute different offenses.'" *State v. Huber*, 2d Dist. Clark No.2010-CA-83, 2011-Ohio-6175, ¶ 7, quoting *State v. Delfino*, 22 Ohio St.3d 270, 274, 490 N.E.2d 884 (1986). The Fourth Appellate District concluded that the legislature clearly intended that possession of different drug groups constitutes different offenses. *See State v. Deckard*, 2017-Ohio-8469, 100 N.E.3d 53, ¶ 52 (4th Dist.). The Fifth Appellate District has also held that counts of possession of different drug groups are not of

6

similar import. *See State v. Rice*, 5th Dist. Licking No. 2016 CR 00085, 2017-Ohio-1504, ¶ 12 ("It would thus defeat the legislature's intent to merge the drug possession offenses for different drugs into a single offense for purposes of sentencing."). The Sixth Appellate District agrees. *See State v. Ratliff*, 6th Dist. Lucas No. L-16-1187, 2017-Ohio-2816, ¶ 10-11. The Eighth Appellate District has also found that such counts do not merge. *State v. Perry*, 8th Dist. Cuyahoga No. 105501, 2018-Ohio-487, ¶ 32-34. The Ninth Appellate District has also held so. *See State v. Helmick*, 9th Dist. Summit No. 27179, 2014-Ohio-4187, ¶ 27. The Twelfth Appellate District has likewise concluded that "the simultaneous possession of two types of drugs constitutes two separate offenses that do not merge as allied offenses of similar import under R.C. 2925.11." *State v. Woodard*, 12th Dist. Warren No. CA2016-09-084, 2017-Ohio-6941, ¶ 34. The *Woodard* court further noted that the fact that "the two controlled substances were found in the same baggie is of no consequence" because "[e]ach possession offense required proof as to the specific drug involved and could not be supported by possession of a different controlled substance." *Id.* at ¶ 35. No appellate district has held that counts for simultaneous possession of two different controlled substances are subject to merger.

{¶12} Having considered the analysis of our sister districts, we conclude that convictions relating to two different controlled substances are not allied offenses of similar import, and consequently, do not merge. We overrule Stuckey's first assignment of error.

### Sentencing Factors in B-1604595(A)

{¶13} In his second assignment of error, Stuckey argues the court failed to consider the principles and purposes of sentencing when it sentenced him to five years in prison in the case numbered B-1604595(A), alleging that the trial court only

7

made "a vague conclusory statement that it had considered the Ohio Revised Code §2929 sentencing factors."

{¶14} The trial court must consider the purposes and principles of sentencing before imposing sentence, in accordance with the sentencing statutes, including R.C. 2929.11 and 2929.12. *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). While a trial court is required to consider the purposes and principles of sentencing, it need not make specific findings. *See State v. Hendrix*, 1st Dist. Hamilton Nos. C-150194 and C-150200, 2016-Ohio-2697, ¶ 51. We can presume from a silent record that the trial court considered the appropriate factors unless the defendant affirmatively shows that the court has failed to do so. *Id.* Stuckey does not make a showing that the trial court failed to consider the statutory factors, and the trial court expressly stated it had considered them. Absent a showing to the contrary, we assume that the trial court considered the appropriate statutory factors. We overrule his second assignment of error.

### Conclusion

{¶15} Having considered each of Stuckey's assignments of error and overruled both, we affirm the judgments of the trial court.

Judgments affirmed.

**ZAYAS** and **MYERS, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.