[Cite as *State v. Evans*, **2022-Ohio-1934**.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | | JUDGES: |
| | : | | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | | Hon. Patricia A. Delaney, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| -vs- | : | | |
| | : | | |
| JUSTIN EVANS, | : | | Case No. CT2021-0037 |
| | : | | CT2021-0038 |
| Defendant - Appellant | : | | CT2021-0039 |
| | : | | CT2021-0040 |
| | : | | |
| | : | | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Muskingum County
Court of Common Pleas, Case Nos.
CR2019-0715, CR2020-0362,
CR2020-0376,CR2020-0497

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      June 8, 2022

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

RON WELCH      JAMES S. SWEENEY
Muskingum County Prosecutor      285 S. Liberty Street
     Powell, Ohio 43065

TAYLOR P. BENNINGTON
Assistant Prosecuting Attorney
27 North Fifth Street, P.O. Box 189
Zanesville, Ohio 43701

*Baldwin, J.*

{¶1} Defendant-appellant Justin Evans appeals his conviction and sentence from the Muskingum County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS

{¶2} On September 5, 2019, a deputy responded to a forgery report from Brian Hall. Brian Hall is the grandson of Joseph Gillogly, age 94, who owns a ginseng business. On September 1, 2019, appellant sold ginseng to the business and was paid via a check written out for $50.00, the value of the ginseng. Later the same day, appellant took the check to a gas station. The check had been altered to change the amount from $50.00 to $150.00. The gas station cashed the check. Appellant indicated that he was the person who cashed the check.

{¶3} On August 2, 2020, officers were dispatched to check on the welfare of an individual who was passed out in his vehicle with the engine running at the intersection of Saint Louis Avenue and Maple Avenue in Zanesville, Ohio.  The officers made contact and asked for the individual's name. He identified himself as Robert Evans but it was later determined that he was Justin Evans. The individual, who would fall asleep mid-sentence, stated that he did not remember his social security number. When he got out of his car, officers asked him to remove his wallet. Appellant removed his ID, which was for Justin Evans, and broke it in half before handing it to the officers.

{¶4} As soon as he heard that they had identified him as Justin Evans, appellant began to flee on foot. Appellant was grabbed and taken to the ground. It took three officers to get appellant under control. Appellant was handcuffed, taken to the hospital because

he had some blood on his head and was later taken to the jail.  A .9mm round was found in appellant's pocket. An inventory of the vehicle was conducted and underneath the seat was the vehicle's built-in under seat storage box. The box, which was unlocked with the ignition key, contained a Kimber Micro .9 mm in a holster with a loaded magazine, two boxes of ammo, and a small baggy of ammo.

**{¶5}** While being transported to the hospital, appellant was advised that if he had anything illegal on him and he took it into the jail, he would be charged with conveyance. He did not turn over anything. When appellant was being searched at the jail, a small baggy of methamphetamines was found in his pants pocket.

**{¶6}** Appellant was later released on bond.

**{¶7}** On July 23, 2020, appellant was scheduled to appear for trial in his forgery case. He failed to appear and a warrant for his arrest was issued.  He was subsequently arrested.

**{¶8}** On August 6, 2020, appellant, while in jail, stole Suboxone from the medication prep area and distributed it to fellow wards in the jail.

## STATEMENT OF THE CASE

### CR2019-0715

**{¶9}** On December 11, 2019, appellant was indicted in Case No. CR2019-0715 on one count of forgery in violation of R.C. 2913.31(A)(1), a felony of the fifth degree, one count of forgery (uttering) in violation of R.C. 2913.31(A)(3), a felony of the fifth degree, and one count of theft by deception in violation of R.C. 2913.02(A)(3), a felony of the fifth degree. At his arraignment on May 11, 2020, appellant entered a plea of not guilty to the charges.

**{¶10}** Thereafter, on April 26, 2021, appellant entered a plea of guilty to forgery, a felony of the fifth degree.

### CR2020-0362

**{¶11}** On August 12, 2020, appellant was indicted in Case No.CR2020-0362 on one count of having a weapon while under a disability in violation of R.C. 2923.13(A)(2), a felony of the third degree, one count of illegal conveyance of drugs(methamphetamines) in violation of R.C. 2921.36(A)(2), a felony of the third degree, one count of possession of drugs (methamphetamines) in violation of R.C. 2925.11(A), a felony of the fifth degree, one count of operating a motor vehicle while intoxicated in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree, and one count of resisting arrest in violation of R.C. 2921.33(A), a misdemeanor of the second degree. The indictment also contained a firearm specification. At his arraignment on August 19, 2020, appellant entered a plea of not guilty to the charges.

**{¶12}** On April 26, 2021, appellant withdrew his former guilty plea in Case No. CR2020-0362 and entered a plea of guilty to one count of illegal conveyance of drugs in violation of R.C. 2921.36(A)(2), a felony of the third degree, one count of possession of drugs, as amended, in violation of R.C. 2925.11(A), a felony of the fifth degree, and one count of resisting arrest. The remaining charges were dismissed.

### CR2020-0376

**{¶13}** On August 19, 2020, appellant was indicted in Case No. CR2020-0376 on one count of failure to appear on bond in violation of R.C. 2937.99(A), a felony of the fourth degree. At his arraignment on August 19, 2020, appellant entered a plea of not guilty to the charge. On April 26, 2020, appellant entered a plea of guilty to one count of

attempted failure to appear on bond in violation of R.C. 2023.02(A) and 2937.99(A), a felony of the fifth degree.

## CR2020-0497

**{¶14}** Appellant, on September 30, 2020, was indicted in Case No. CR2020-0497, on one count of theft (dangerous drugs) in violation of   R.C. 2913.02(A)(1), a felony of the fourth degree, and one count of trafficking in drugs (Buprenorphine) in violation of R.C. 2925.03(A)(1), a felony of the fourth degree, with a school specification. At his arraignment on November 2, 2020, appellant entered a plea of not guilty to the charges.

**{¶15}** Thereafter, in Case No. CR2020-0497, appellant withdrew his former not guilty plea and entered a plea of guilty to theft (dangerous drugs). The remaining charge in such case was dismissed.

## Sentencing

**{¶16}** On June 14, 2021, appellant was sentenced on all of his cases. In Case No. CR2019-0715, appellant was sentenced to twelve(12)  months in prison. In Case No. CR2020-0362, appellant was sentenced to an aggregate prison sentence of thirty-six (36) months. In Case No. CR2020-0376, appellant was sentenced to twelve (12) months in prison and in Case No. CR2020-0497, appellant was sentenced to eighteen (18) months. The trial court ordered that the period of incarceration imposed in Case No. CR2020-0497 be served concurrently with that imposed in Case No. CR2020-0376 for an aggregate prison sentence of eighteen (18) months. The trial court further ordered that the sentences imposed in CR2019-0715 and CR2020-0362 be served consecutively to one another and consecutively to Case Nos. CR 2020-0376 and CR2020-0497 for an aggregate prison term of five and one-half (5 ½) years.

{¶17} Appellant now appeals, raising the following assignments of error on appeal:

{¶18} "I. THE TRIAL COURT UNLAWFULLY ORDERED EVANS TO SERVE CONSECUTIVE SENTENCES, IN VIOLATION TO HIS RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

{¶19} "II. EVANS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

I

{¶20} Appellant, in his first assignment of error, argues that the trial court erred in sentencing him to consecutive sentences. We disagree.

{¶21} R.C. 2929.14(C)(4) addresses consecutive sentences. That section states:

{¶22} (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶23} (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to

section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

**{¶24}** (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

**{¶25}** (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*{¶26}* When imposing consecutive sentences, a trial court must state the required findings at the sentencing hearing. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29. Because a court speaks through its journal, the court should also incorporate its statutory findings into the sentencing entry. *Id.* However, a word-for-word recitation of the language of the statute is not required. *Id.* As long as the reviewing court can discern the trial court engaged in the correct analysis and can determine the record contains evidence to support the findings, consecutive sentences should be upheld. *Id.*

**{¶27}** Appellant concedes that the trial court made the findings under R.C. 2929.14(C)(4), but argues that the record does not support such findings. Appellant argues that the drugs involved did not constitute a significant amount, that the forged check did not involve a significant amount of money and that the offenses were motivated by mental health issues and his relapsing into a drug addiction rather than malice aforethought. He further notes that the went several years without criminal activity before relapsing and that he had held a full time job and was raising a family.

**{¶28}** In the case sub judice, the trial court, in sentencing appellant noted that appellant had been bonded out in CR2019-0715, and that all the rest of the charges occurred while appellant was on bond. The trial court also noted that in Case No CR2020-0376, appellant had failed to appear for trial and that appellant's criminal history went back to 2011. The trial court stated on the record, in relevant part, as follows:

**{¶29}** Your prior history goes back to 2011, sixteen counts of forgery. In "13, you had an F-2. In '13 you had eight counts of forgery. You know what your history has been since then.

**{¶30}** All I've got to say is the State has given you one break in reducing or dismissing charges. Two, each case here is separate and distinct. Your original charge is forgery, F-5. Possibly not much would have happened if that's all we had.

**{¶31}** Transcript from June 14, 2021 hearing at 10. The trial court further found that appellant had had treatment before and had completed CBCF.

**{¶32}** We find that the trial court's sentencing on the charges complies with all applicable rules and sentencing statutes. Based upon these facts as well as the balance of the record, we cannot say that we clearly and convincingly find that the trial court's order for consecutive service was not supported by the R.C. 2929.14(C) factors or that it was contrary to law. We find that the sentence was supported by the record.

**{¶33}** Appellant's first assignment of error is, therefore, overruled.

II

**{¶34}** Appellant, in his second assignment of error, argues that he received ineffective assistance of trial counsel.

**{¶35}** To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See, Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158 (1955).

**{¶36}** "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

**{¶37}** Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

**{¶38}** Appellant first argues that trial counsel was ineffective in allowing him to plead guilty rather than no contest in Case No.CR2020-0362. Appellant argues that trial counsel should have allowed him to plead no contest in such case in order to preserve a challenge to the trial court's denial of the Motion to Suppress in such case.

**{¶39}** We find that appellant failed to show that his counsel's performance fell below an objective standard of reasonableness or that he was prejudiced.

{¶40} Appellant was indicted in Case No. CR2020-0362 on one count of having a weapon while under a disability in violation of R.C. 2923.13(A)(2), a felony of the third degree, one count of illegal conveyance of drugs(methamphetamines) in violation of R.C. 2921.36(A)(2), a felony of the third degree, one count of possession of drugs (methamphetamines) in violation of R.C. 2925.11(A), a felony of the fifth degree, one count of operating a motor vehicle while intoxicated in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree, and resisting arrest in violation of R.C. 2921.33(A), a misdemeanor of the second degree. The indictment also contained a firearm specification.

{¶41} Appellant, as part of the plea agreement in such case, entered a plea of guilty to one count of illegal conveyance of drugs in violation of R.C. 2921.36(A)(2), a felony of the third degree, one count of possession of drugs, as amended, in violation of R.C. 2925.11(A), a felony of the fifth degree, and one count of resisting arrest. The remaining charges were dismissed. Appellant received a substantial benefit from the charges being dismissed and amended as part of the plea agreement.

{¶42} Appellant also argues that he received ineffective assistance of counsel when his trial counsel stipulated to the nonmerger of the offenses of illegal conveyance of drugs and possession of drugs in Case No. CR2020-0362.

{¶43} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, syllabus, the Supreme Court of Ohio held the following:

{¶44} 1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import.

**{¶45}** 2. Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

**{¶46}** 3. Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

**{¶47}** The *Ruff* court explained at paragraph 26:

At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import. When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts. Also, a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense. We therefore hold that two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

**{¶48}** In *State v. Deckard*, 2017-Ohio-8469, 100 N.E.3d 53, (4th Dist.), the defendant was incarcerated in a county jail when a corrections officers smelled an odor of burning plastic. Upon investigation, drugs were found upon the defendant's person which proved to be heroin and cocaine. The defendant was indicted upon illegal conveyance, possession of heroin, and possession of cocaine. The trial court determined the offenses did not merge, and the Fourth District Court of Appeals agreed:

> At sentencing and on appeal, Appellant's counsel argued the conduct constituting the possession charges and conveyance did occur at the same time and place. We agree with the trial court's conclusion that the separate possession convictions, one for heroin and one for cocaine, do not merge for purposes of sentencing. Contemplating the third question set forth in *Ruff*, the possession convictions were committed with a separate animus. Therefore, they are not allied offenses of similar import. We need not consider the other questions posed by *Ruff*. The legislature clearly intended that possession of different drug groups constitutes different offenses. *State v. Rice*, 5th Dist. Licking No. 16CA87, 2017-Ohio-1504, 2017 WL 1436378, ¶ 12, quoting *State v. Westbrook*, 4th Dist. Scioto No. 09CA3277, 2010-Ohio-2692, 2010 WL 2354018, ¶ 43. However, the trial court viewed the possession conduct as separate conduct having occurred prior to the offense of illegally conveying them into the jail. Given the circumstantial evidence presented at trial, from which the jury inferred that Appellant conveyed the drugs into the jail via his anal cavity, we find this reasoning to be correct.

*State v. Deckard*, 2017-Ohio-8469, 100 N.E.3d 53, ¶ 52 (4th Dist.).

**{¶49}** See also, *State v. Moten*, 2nd Dist. Clark Nos. 2018-CA-19 and 2018-CA-20, 2019-Ohio-1473, ¶ 20, appeal not allowed, 156 Ohio St.3d 1447, 2019-Ohio-2498, 125 N.E.3d 922 ("Moten's illegal conveyance of the drugs into the jail was 'committed separately' from his trafficking of those drugs outside of the jail. Additionally, Moten's illegal conveyance reasonably can be inferred to have been 'committed with separate animus or motivation' from his trafficking of the same drugs – e.g., intended to conceal those drugs to prevent their confiscation by police and the prospect of additional charges and/or to preserve the drugs for his own use while incarcerated, instead of simply to sell the drugs.").

**{¶50}** In *State v. Griffin*, 5th Dist. Guernsey No. 19CA38, 2020-Ohio-2936, this Court likewise held that the offenses of possession and illegal conveyance did not merge. In that case, Griffin was arrested and transported to jail. During the intake process, corrections officers noticed a plastic bag between Griffin's buttocks. The bag contained 28 grams of heroin. *Id.* at ¶ 2. On appeal, the Fifth District followed the reasoning of *Deckard* and *Moten. Id.* at ¶ 25. The court reasoned that drug possession can be committed without illegal conveyance, and that Griffin had an opportunity to turn over the drugs before he was booked into the jail, but he instead failed to disclose the presence of the drugs and attempted to bring them into the jail with him. *Id.*

**{¶51}** In the case sub judice, appellant, while being transported to the jail, was advised that if he had anything illegal on him and took it into the jail, he would be charged with conveyance. Appellant did not turn over anything. During a search of appellant

during the book-in process at the jail, a small baggy of what was later determined to be methamphetamines was located in his pants.

**{¶52}** Upon consideration, we agree with the reasoning of *Deckard*, *Moten*, and *Griffin*. In this case, like the others, appellant knowingly possessed the methamphetamines at the time of his arrest. During intake, appellant was given the opportunity to disclose the drugs, but did not do so, and knowingly brought the drugs with him into the jail. Therefore, we find that the offenses of aggravated possession and illegal conveyance were committed separately, and with separate animus or motivation, and should not be merged.

**{¶53}** We find, therefore, that trial counsel was not ineffective in agreeing that the offenses of illegal conveyance of drugs and possession of drugs in Case No. CR2020-0362 did not merge.

**{¶54}** Appellant's second assignment of error is, therefore, overruled.

**{¶55}** Accordingly, the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Baldwin, J.

Wise, John, P.J. and

Delaney, J. concur.